France Estate.

Submitted May 23, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Cornelius C. O'Brien,* for appellants.

*Bryan A. Hermes,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, June 29, 1945.

Where a testator by his last will and testament directs that upon the death of his wife ten years after his decease a trust for her benefit shall terminate, and that his son shall within ninety days from her decease exercise an option to buy from his trustees certain stock upon terms set forth in said will, may the Orphans' Court properly hold that an election by the widow to take against the will is not tantamount to her legal death but determine the date of such death to be ten years after testator's decease, and extend the time within which the son may exercise such option? The court below held that it could.

These appeals are by Raymond Farrell, appellant in Appeal No. 268, and James A. McPeak, appellant in Appeal No. 269, recipients of three-twentieths and nine-twentieths, respectively, of the net income of testator's residuary estate for a term of ten years. Upon the expiration of the said term they are to receive the same proportion of the residuary estate absolutely. Appellants contend that the court below erred (1) in not accelerating the remainders to the date of the election to take against the will or, if the physical death of the widow be accepted as the date of her death, in not sequestering the income from the trust provided for her for the benefit of disappointed life tenants, and (2) in extending for ninety days after a decision on appeal the time within which the son may exercise the above option.

Adam W. France died March 8, 1933, leaving a last will and testament dated November 19, 1929, and codicil thereto dated March 28, 1932. He was survived by his widow, a son, and two grandchildren. Under paragraph FOURTH of his will, the residue and remainder of his estate was given to trustees to distribute the income therefrom, one-fourth to his wife for life, nine-twentieths to James A. McPeak for a term of ten years, three-twen-

tieths to Raymond Farrell for a term of ten years, and three-twentieths in equal shares to the children of his son, Edwin A. France, during their minority. Upon their attaining the age of twenty-one years the said grandchildren were to receive an equal share of principal. By paragraph FIFTH, he provided that upon the death of his wife the trust as to her should end. If she died within ten years after testator's death the trust should continue until the expiration of ten years for the benefit of the children of his son Edwin. If, however, the widow was living at the expiration of ten years, then at her decease the one-quarter of his residuary estate, held in trust for her, should be given in the following manner: "one-quarter to my son Edwin A. France, absolutely, provided he shall within ninety days from the death of my said wife, occurring ten years after my decease, exercise the option to buy from my said trustees, two hundred (200) shares of the capital stock of the France Packing Company at the price and upon the terms of said option and plan of purchase set forth in the following paragraph six; should my said son Edwin A. France fail or refuse to exercise such option, or fail and refuse to buy said shares of stock, and to pay and settle for the same as provided in paragraph six herein, or in the said option and purchase, then the said portion thus given to him provisionally shall not be affected, and I give and devise the whole of the said one-quarter thus held in trust theretofor for my wife, unto the children of my said son as in paragraph two, section D."

Paragraph SIXTH provided that if upon the death of his wife his son was not engaged in a business competitive with France Packing Company, or if he should agree to end and conclude his own business, then the trustees were directed to give to said son an option in writing to buy, within ninety days of the death of his wife, two hundred shares of France Packing Company stock for $20,000. Further, if the son accepted and con-

summated the option and purchase then he was also to receive the one-fourth of the residuary estate as provided in paragraph FIFTH.

The widow, who is still living, elected to take against the will, and the executor and trustee, believing that said election had the effect of accelerating the remainders, offered an option in writing to the son on June 7, 1933. This option was not exercised. At the audit of the trustees' first account the auditing judge placed the time of the widow's death at ten years after testator's decease, held that one-fourth of the residuary estate passed to the son, Edwin A. France, subject to the conditions with regard to the exercise of the option, and further directed that the son be given ninety days from the date of the adjudication to exercise or reject the option. The court en banc confirmed the adjudication and extended the time within which the son was to accept or reject the option for a further period of ninety days, or ninety days after a decision on appeal. It held that the election to take against the will did not necessarily accelerate the remainders and that the auditing judge had the power, in the exercise of sound discretion, to determine the date at which the remainders should accelerate if in so doing the general plan or scheme of testator would best be accomplished.

Testators are presumed to know the general rule that election of a widow to take under the intestate laws is equivalent to her death, and, unless the will manifests a contrary intention, remainders are accelerated: *Schmick Estate*, 349 Pa. 65, 68; *Lonergan's Estate*, 303 Pa. 142, 147-148; *Disston's Estate*, 257 Pa. 537, 543. The orphans' Court, being a court of equity, is not bound to a rigid formula in determining the effect of the widow's election. Each case is decided "as equity and good conscience require, so that exact justice, as nearly as this is possible in human affairs, may be done to all parties in interest": *Lonergan's Estate*, supra, 147. The disarrangement of testator's plan of distribution of his estate must be reduced to a minimum and his general scheme fol-

lowed as closely as possible: *Forrest's Estate,* 343 Pa. 59, 60.

In this case testator has definitely and clearly expressed his intention that there shall be no distribution until ten years after his decease. Acceleration of the remainders to the date of the election to take against the will affects only the son's interest in his father's estate. All gifts of income, with one exception, are limited to ten years. That term of years has been fixed by testator for the distribution of principal to appellants and to his son if the said son complies with the provisions of paragraphs FIFTH and SIXTH of the will. The remainder interests of testator's grandchildren in that added portion of income to them resulting from the widow's election were also accelerated. To hold that her legal death occurred at the time she elected to take against the will would do violence to testator's clearly expressed plan of distribution. To adopt, as did the court below, the fiction of the widow's death and the doctrine of acceleration to the extent of accelerating the son's interest to the time of the expiration of the ten-year term is in harmony with testator's general plan. By so doing, testator's intent will be carried out with a minimum of disturbance.

The court, in an equitable and conscientious attempt to further carry out the plainly manifested intent, could not have done otherwise than extend, for a period of ninety days after its decree, the opportunity for the exercise or rejection of the option to purchase in accordance with the provisions of paragraph SIXTH of the will. In the trust before the court there is a total of 240 shares of France Packing Company stock. The option to buy being considered a direct gift of the property itself (*Dilworth's Estate,* 243 Pa. 475, 481), such specific legatee must be made whole before the residue and remainder will be divided. We agree with the court below that the will gives to the son a one-fourth residuary interest in principal upon condition and also that he shall have

ninety days from the date of this opinion within which to accept or reject the said option.

The decree of the court below is affirmed. Costs to be paid by appellants.