**Lloyd H. STEIDLE, Jr., Petitioner,**

v.

**COMMONWEALTH of Pennsylvania,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 15, 1998.

Decided Sept. 3, 1998.

Eugene A. Wrona, Whitehall, for petitioner.

Ronald H. Skubecz, Senior Deputy Atty. Gen., Harrisburg, for respondent.

Before COLINS, President Judge and McGINLEY, SMITH, PELLEGRINI, FRIEDMAN, KELLEY and LEADBETTER, JJ.

SMITH, Judge.

Petitioner Lloyd H. Steidle, Jr. has filed exceptions to the order and opinion of this Court filed July 7, 1997 affirming the order of the Board of Finance and Revenue which upheld the assessment of the Department of Revenue (Department) of a 1% real estate transfer tax on a contingent property interest that was transferred from Steidle to his two stepchildren. Steidle questions the Court's conclusion that transfers of real estate from a property owner to his or her stepchildren are not exempt from the transfer tax.

The parties have stipulated to the following facts. On September 14, 1993, Steidle executed an inter vivos declaration of trust for real estate, naming himself as trustee, his wife as primary beneficiary and his two children and his two stepchildren as contingent beneficiaries. Steidle recorded a quit-claim deed shortly thereafter transferring to himself as trustee any interest in the title to real estate located at 3327 Thomas Street in Whitehall Township, Lehigh County. No tax was paid on the transfer at the time the deed was recorded, but the Department issued a notice of determination in November 1993 assessing a real estate transfer tax totaling $929.76. Steidle's administrative appeals from the assessment were denied, and this Court issued an order and opinion affirming the administrative determinations. These exceptions followed.

■ The issue raised in this case is whether a transfer of realty from a property owner to his or her stepchildren is subject to Pennsylvania's 1% real estate transfer tax. Under Section 1102–C of the Tax Reform Code of 1971 (Tax Act), Act of March 4, 1971, P.L. 6, *as amended,* added by Section 4 of the Act of May 5, 1981, P.L. 36, 72 P.S. § 8102–C, a state tax equal to 1% of the value of any real estate conveyed is due at the time that the deed to the real estate is recorded or within

30 days of the acceptance of the document. Section 1102–C.3(6) of the Tax Act,[1] however, provides that the tax shall not be imposed on:

A transfer between husband and wife, between persons who were previously husband and wife who have since been divorced, ... between parent and child or the spouse of such child, between brother and sister or spouse of a brother or sister and brother or sister or the spouse of a brother or sister and between a grandparent and grandchild or the spouse of such grandchild, except that a subsequent transfer by the grantee within one year shall be subject to the tax as if the grantor were making such transfer.

■ Steidle argues that because Section 1102–C.3(6) describes lineal descendents in stating the exclusions and because the term "lineal descendents," as used in other statutory provisions, includes stepchildren in its definition, the Court should read Section 1102–C.3(6) as exempting transfers to stepchildren. He urges this interpretation upon the Court despite the fact that "stepchildren" does not appear in the provision. However, under Section 1921(b) of the Statutory Construction Act of 1972 (Act), 1 Pa. C.S § 1921(b), "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." *See Meridian Trust Co. v. Commonwealth,* 149 Pa.Cmwlth. 571, 613 A.2d 654 (1992). Section 1991 of the Act, 1 Pa. C.S. § 1991, defines "child or children" as including "children by birth or adoption" unless the context clearly indicates otherwise. Because stepchildren are not "children by birth or adoption," and the context of the Tax Act does not clearly indicate otherwise, the Court must conclude that the General Assembly did not intend to include stepchildren within the tax exemptions stated in Section 1102–C.3(6). This manifest intent is the Court's ultimate guide to statutory interpretation. 1 Pa.C.S. § 1921(a).

Additionally, in *Holmes v. Commonwealth,* 152 Pa.Cmwlth. 193, at 618 A.2d 1160, 1162 (1992), *aff'd per curiam,* 539 Pa. 477, 653 A.2d 615 (1995), the Court held that the Board correctly imposed realty transfer tax on the conveyance of realty to a trust where the trust agreement provided that if the children of the settlor/trustee were to predecease her without issue, the estate would be distributed in equal shares to the settlor's brother and to the settlor's friend, or to the survivor. In interpreting the statutory language in Section 1102–C.3(6), the Court stated:

[I]t is not the duty of this Court to legislate additional exemptions or broaden existing exemptions to the realty transfer tax. Setting forth the list of exemptions is within the province of the general assembly. Had it intended to exempt a transfer to a revocable inter vivos trust with a non-family contingent beneficiary, it would have done so. We will not perform this function in its stead.

The statutory language is clear and free from any ambiguity. This Court may not expand the statutorily created exemptions, and it finds no error in the Board's construction of Section 1102–C.3(6).[2]

■ The Court also rejects Steidle's argument that the Tax Act should be read in pari materia with provisions of the Inheritance and Estate Tax Act, Sections 2101–2196 of the Tax Act, added by Section 36 of the Act of August 4, 1991, P.L. 97, 72 P.S. §§ 9101–9106, which includes stepchildren in its definition of "children" in section 2102, 72 P.S. § 9102. Statutes are to be read in pari materia only when they relate to the same persons or things. Section 1932(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1932(a). The Tax Act and the Inheritance and Estate Tax Act relate to different things, the former governing transfers of real estate and the latter relating to the tax implications of succession through a will or by intestacy. Moreover, nothing in the inheritance and estate tax provisions suggests that the definitions applicable to them should be applied to

---

**1.** Added by Section II of the Act of July 2, 1986, P.L 318, 72 P.S. § 8102–C.3(6).

**2.** In his exceptions to the Court's original decision in this case, Steidle raises constitutional issues for the first time. The Court concludes that Steidle has waived these issues because he failed to raise them in his original arguments to this Court. *See* Pa. R.A.P. 1551(a).

other tax statutes, such as the Tax Act. Accordingly, Steidle's exceptions are denied.

### ORDER

AND NOW, this 3rd day of September, 1998, the Petitioner's exceptions to the July 7, 1997 order and opinion of this Court are denied. The Chief Clerk of this Court is directed to enter judgment in favor of the Commonwealth of Pennsylvania.