409 A.2d 326

**BAEHR BROTHERS and Guy L. Warman, Thomas D. Thomson, Robert W. Murdoch, Trustees, Appellants,**

**v.**

**COMMONWEALTH of Pennsylvania, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 18, 1979.

Decided Dec. 21, 1979.

Guy L. Warman, John Michael Studeny, Metz, Cook, Hanna & Kelly, Pittsburgh, for appellants.

Vincent J. Dopko, Deputy Atty. Gen., Harrisburg, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

The appellants are Trustees for the stockholders of Baehr Brothers, a Pennsylvania corporation, which has been dissolved and whose assets have been distributed to the stockholders jointly and in the same proportionate interest in which they held stock in the corporation. An order of the Commonwealth Court of Pennsylvania has determined that a deed conveying certain realty of the corporation to the Trustees was subject to Pennsylvania Realty Transfer Tax stamps, and is the subject of this appeal.

The parties entered into a stipulation of facts, the pertinent parts of which are as follows:

"On July 18, 1974, the stockholders and the directors of the Corporation adopted resolutions for the dissolution of the Corporation and liquidation.

On July 18, 1973, the stockholders of the Corporation executed an Agreement for Liquidation of Assets of Baehr Brothers Corporation and for Dissolution of Baehr Brothers Corporation.

Article XV of the Agreement created a trust into which any real estate not liquidated at the time of distribution would be placed until sold, or if sale was not possible, until distributed pro rata in kind to the shareholders according to the number of shares of stock each held in the Corporation. The pertinent provisions of Article XV are as follows:

'XV. Distribution: On July 3, 1975, or at such earlier time as liquidation of assets (other than real estate to be distributed in kind in accordance with Article X) has been completed, and after adequate provision has been made for satisfaction of any and all further claim,

236

expenses and debts, if any, of Baehr Brothers, all assets of Baehr Brothers shall be distributed in accordance with this article.'

A. All distribution shall be made pro rata to [the shareholders] according to the number of shares of stock which they own or hold as set forth in Article V of this agreement.

\*    \*    \*    \*    \*    \*

C. If for any reason whatsoever at time of distribution Baehr Brothers owns or has any interest in real or personal property, causes of action, rights, claims or things of value other than cash, they shall be conveyed irrevocably by Baehr Brothers to Guy L. Warman, Thomas L. Jones, Thomas D. Thomson, or their respective alternates, in trust, for the sole purpose of liquidating and distributing in cash pro rata the net proceeds thereof or effecting pro rata distribution in kind to [the shareholders] according to the number of shares of stock which they own or hold as set forth in Article V of this agreement. As trustees, they are authorized to effect conveyance of title, to make sales, to compromise, settle or prosecute actions and to perform all acts necessary to protect and preserve or convert to cash all such assets. The parties hereby ratify and approve any and all activities approved by at least two of the three trustees, including any decision to effect pro rata distribution of all or part of the assets conveyed to them in accordance with this article. For their services they shall be entitled to reasonable fees payable from the proceeds of assets or from the escrow fund established in accordance with Article XV, part B, of this agreement.'

Pursuant to the Agreement, the stockholders surrendered their stock certificates to the corporation.

On June 5, 1975, the Corporation filed with the Corporation Bureau of the Department of State of the Commonwealth of Pennsylvania the Certificate of Election to Dissolve.

The Deed to the Property was executed on June 16, 1975, and was thereafter recorded in the office of the Recorder of Philadelphia County, with no Pennsylvania realty transfer tax stamps being affixed thereto.

On September 16, 1975, the Trustees conveyed the Property by deed to a third party, Albert C. Brown, for a consideration of $88,000,00. Pennsylvania realty transfer tax stamps in the amount of $880.00 were affixed to this deed, and this deed was recorded in the office of the Recorder of Philadelphia County  .  .  .."

■ The Realty Transfer Tax Act of December 27, 1951, P.L. 1742, § 1, as amended, 72 P.S. §§ 3283, *et seq.*, ["the Act"], imposes a tax on the *recordation* of any *document* which effects a transfer of an interest in land. In construing the Act, we held in *Commonwealth v. Passell*, 422 Pa. 473, 223 A.2d 24 (1966), that a transfer which is accomplished by *operation of law*, as opposed to being effectuated by a document, is not subject to the tax, and if a deed is recorded to confirm a transfer which has occurred by operation of law, that deed is not taxable. In *Passell* we said:

"On dissolution, the legal title to land passes to the stockholders, and title to the corporate property vests in the stockholders as tenants in common  .  .  ." Fletcher, Cyclopedia Corporations (Penn.Ed.) (1962 Rev. Vol.), § 813, p. 300 and authorities therein cited. See also: *Mt. Carmel R. Co. v. M.A. Hanna Co.*, 371 Pa. 232, 89 A.2d 508. When the [stockholders] surrendered for cancellation their stock certificates then, in the absence of any obligations owed by [the corporation], [the corporation's] interest in this realty became vested in and passed to its stockholders by *operation of law.*

*Commonwealth v. Passell*, 422 Pa. 480–81, 223 A.2d 28–29 (Footnotes omitted). Thus, the transfer of realty from the corporation to the stockholders in liquidation of the corporation is not a taxable event.

■ The realty transfer tax regulations expressly state the principle that:

> A conveyance to a grantee, in trust, to hold the property for the benefit of income beneficiaries and remaindermen is subject to the tax to the extent of the *value of the interest ultimately passing to persons other than the grantor* . . . (Emphasis added).

61 Pa.Code § 91.15. It is crystal clear therefore, that where the beneficial grantors and the beneficial grantees are one and the same, a deed to a trustee may be recorded without the affixation of Pennsylvania Realty Transfer Tax stamps, and a deed is only taxable on the proportionate change in ownership which it actually effects. Put another way, only the interest passing to persons other than the actual grantors is subject to the tax in question. In this case, the stockholders had surrendered their stock to the corporation and the corporation had been dissolved prior to the execution of the deed to the Trustees. The actual transfer effected by the deed was from the stockholders, jointly, and according to the number of shares of stock they held, to the Trustees for the stockholders, jointly, and "according to the number of shares of stock which they (had held)". There was no proportionate change in beneficial interest. On July 18, 1974, "the stockholders and directors of the corporation adopted resolutions for the dissolution of the corporation and liquidation", and on the same day entered into an agreement, "to effect complete liquidation and distribution of all of the assets of [the corporation] and to effect voluntary dissolution of [the corporation]". The stock certificates were then surrendered "pursuant to the agreement", which related back to July 18, 1974. On June 5, 1975, the certificate of election to dissolve was filed with the Corporation Bureau of the Department of State of the Commonwealth of Pennsylvania.

■ Thus, on July 18, 1974, the beneficial title to the real estate of the corporation was vested in the stockholders by operation of law.

An inspection of the agreement does not disclose anything which was inconsistent or which impeded the automatic vesting of title in the stockholders, jointly and according to their proportionate stock ownership, by operation of law.

The vesting of title does not require a confirmatory deed, as we previously stated in *Passell*[1]. The court below stated in its opinion, "If the stockholders had received title to the property directly from the Corporation, as per § 1104 C of the Business Corporation Law, Act of May 5, 1933, P.L. 364, *as amended*, 15 P.S. § 2104 C, this Court would agree that the *Passell* case controls and that *no tax would be due.*" According to this reasoning, it would have been necessary for the corporation to make and record a deed to the stockholders as part of the liquidation proceeding, and it would not have been a taxable document, then, if, on the same day, the stockholders had made and recorded a second deed from themselves to the Trustees, it could have been recorded without being subject to the transfer tax. The learned court below, clearly recognized the *substance* of the transaction in this case was not taxable, but reasoned that the deed was taxable because of the *form* used. This reasoning would require the recording of two deeds, both tax free, to accomplish the obviously intended purpose.

Form over substance is not the law of this Commonwealth, and, quite to the contrary, tax cases must be decided on realities. Especially in tax cases, substance controls over form. *Gregory v. Helvering*, 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596 (1935); 84 C.J.S. Taxation § 62, p. 166 and authorities cited therein.

The opinion and order of the learned court below are contrary to the established law of this Commonwealth and constitute a holding that form controls over substance.

We, therefore, reverse the order of the Commonwealth Court.

Order reversed.

MANDERINO, J., did not participate in the decision in this case.

1. "We agree with appellants' statement: 'The only purpose of the deed in a corporate liquidation and dissolution is simply to place on record information regarding the transfer much in the same way that articles of merger provide such information in the case of a corporate merger.'" *Passell*, 422 Pa. at 481, 223 A.2d at 29.