618 A.2d 1160

**Rita M. HOLMES, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 23, 1992.

Decided Dec. 9, 1992.

194

William S. Smith, for petitioner.

Ronald H. Skubecz, Sr. Deputy Atty. Gen., for respondent.

Before CRAIG, President Judge, McGINLEY, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

Rita M. Holmes (Holmes) appeals from an order of the Board of Finance and Revenue that affirmed the Department of Revenue's (Department) Board of Appeal's determination that assessed a realty transfer tax on a conveyance of realty to a trust. We affirm.

The facts as stipulated to by the parties are as follows.[1] Holmes, as settlor and trustee, entered into a revocable trust agreement. She transferred certain assets to the trust, including her personal residence. To effectuate this transfer,

---

[1] Pursuant to Pa.R.A.P. 1571, this case was heard de novo by the Commonwealth Court. Only an issue of law is presented for our review, since no material facts are in dispute.

Holmes executed a deed, conveying the property to herself, as trustee. The deed was recorded in the Allegheny County Office of the Recorder of Deeds. No realty transfer tax was paid.[2]

The trust agreement provides that the sole enjoyment of the trust property is in Holmes' hands, exclusively, and that she has made a transfer to no one other than herself, which she may revoke at any time prior to her death. The agreement further provides that at the time of Holmes' death, the trust principal will be distributed to her two children in equal shares. If one of Holmes' children predeceases her, the share of that child would be distributed to her remaining child. If neither of her children survive her, the trust estate would be distributed to her grandchildren in equal shares per stirpes. If Holmes' children predecease her without issue, the estate is then to be distributed in equal shares to Holmes' brother and *to Holmes' friend,* or to the survivor.

The Department reviewed the trust agreement and deed, determining that realty transfer tax of $1,069.51 was due on the conveyance. The Department's Board of Appeals affirmed the imposition of the tax, and Holmes appealed to the Board of Finance and Revenue (Board), which also affirmed. The Board found Holmes was not exempt, basing its determination on Section 1102–C.3 of the Tax Reform Code of 1971 (Code), Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. § 8102–C.3, which states in pertinent part:

> The tax imposed by section 1102–C shall not be imposed upon:
>
> \* \* \* \* \* \*
>
> (8) A transfer for no or nominal actual consideration to a trustee of an ordinary trust where the transfer of the same property would be exempt if the transfer was made directly from the grantor *to all of the possible beneficiaries, whether*

---

**2.** The Statement of Value, filed at the time of recording, indicated total consideration of $1.00, and a fair market value of $106,951.00. It further stated that the "Conveyance is between Grantor and herself as Trustee under Trust Agreement dated 10/16/90 in which Grantor is sole beneficiary and is therefore exempt from transfer tax." (Realty Transfer Tax Statement of Value).

*or not such beneficiaries are contingent or specifically named.* No such exemption shall be granted unless the recorder of deed is presented with a copy of the trust instrument that clearly identifies the grantor and all possible beneficiaries. (Emphasis added.)

The Board explained that the Code requires an examination of the transfer as if made from grantor to every possible contingent beneficiary and that to be exempt from payment of the realty transfer tax, all possible contingent beneficiaries must come within an exemption. Pursuant to Section 1102–C.3(6) of the Code, 72 P.S. § 8102–C.3(6), intra-family transfers, such as between parent and child, grandparent and grandchild, and brother and sister, without regard to whether consideration is given, are exempt from the realty transfer tax. *See Meridian Trust Co. v. Commonwealth,* 149 Pa.Commonwealth Ct. 571, 613 A.2d 654 (1992). The Board thus concluded that with the naming of Holmes' friend as a possible beneficiary, the transfer is subject to the realty transfer tax.

On appeal, Holmes argues that the transfer of the realty is exempt from realty transfer tax, because during her lifetime she is the sole beneficiary of the trust; she has the power to sell the property, to lease it, to live in it to the exclusion of others, and to take back whatever interest she has allegedly transferred. Holmes contends that because she alone can make any legal use of the property for her own benefit, no transfer has been made. It is not until her death that any rights as to the trust property arise in any other person.

We note that no case law exists that construes Section 1102–C.3(8) of the Code. Therefore, we must be guided by the Statutory Construction Act of 1972 (Act), 1 Pa.C.S. §§ 1501–1991, which states that when words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b).

The plain language of Section 1102–C.3(8) of the Code directs us to look "to all of the possible beneficiaries, whether or not such beneficiaries are contingent or specifically named." If all possible beneficiaries are in an exempt category, i.e. intra-family, then no realty transfer tax is due. However,

Holmes' inclusion of a friend as a contingent beneficiary takes this transfer out of exempt status and, consequently, the tax is due.

Holmes raises several other theories to bolster her argument that no realty transfer tax should be imposed. She contends that if a transfer of some interest is deemed to have occurred, she has at the very least retained a life interest in the trust res. Holmes also argues, that for federal income tax purposes, she is deemed to be the owner of all the assets of the trust. Holmes, additionally, asserts that the trust document could operate as a will, since it fulfills the requirements of a will under Pennsylvania law and declares her intentions concerning her property at her death.

These additional arguments help clarify Holmes' intentions when she set up the trust and are pertinent to a consideration of the question before us. We commend Holmes' thorough discussion of the issue; however, it is not the duty of this Court to legislate additional exemptions or broaden existing exemptions to the realty transfer tax. Setting forth the list of exemptions is within the province of the general assembly. Had it intended to exempt a transfer to a revocable inter vivos trust with a non-family contingent beneficiary, it would have done so. We will not perform this function in its stead.

Accordingly, we hold that the Board correctly sustained the imposition of realty transfer tax.

## ORDER

AND NOW, this 9th day of December, 1992, judgment is entered in favor of the Commonwealth in the amount of $1,069.51 plus appropriate interest and will become final unless exceptions are filed within 30 days of the entry of this Order pursuant to Pa.R.A.P. 1571(i).