648 A.2d 1346

**Francis A. LEIGH and Lucy Z. Leigh, his wife, Petitioners,**

**v.**

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 13, 1994.

Decided Oct. 4, 1994.

14

Richard I. Torpey, for petitioners.

Ronald H. Skubecz, Sr. Deputy Atty. Gen., for respondent.

Before COLINS, SMITH and PELLEGRINI, JJ.

SMITH, Judge.

Francis A. and Lucy Z. Leigh petition for review of the order of the Board of Finance and Revenue which determined that the transfer of real estate from the Leighs to a trust was subject to real estate transfer tax. The following are the facts as stipulated by the Leighs and the Commonwealth.[1] In October 1990, the Leighs created a trust over which Lucy Leigh was named trustee and into which various assets were transferred for the primary benefit of the grantor, including two Nuveen tax-free funds, Allegheny County airport bonds, some common stock, a mortgage, life insurance, and certain other personalty, all valued at a total of $170,000. The Leighs also included their Bucks County home which they valued at

1. Pursuant to Pa.R.A.P. 1571, review of orders of the Board of Finance and Revenue shall be heard by this Court on the record. Only issues of law are presented for review since no material facts are in dispute. *See Holmes v. Commonwealth,* 152 Pa.Commonwealth Ct. 193, 618 A.2d 1160 (1992).

$350,000. The total value of the assets was thus $520,000 of which nearly thirty-three percent consisted of securities and other personalty. The transfer of the Leighs' residence to the trust was accomplished by a deed executed on October 4, 1990.

The trust provided, inter alia, that if Francis Leigh should survive his wife, he would be the residuary beneficiary and upon his death the remaining principal would be paid to Lucy Leigh's surviving children or to such charities as Francis Leigh would appoint by will. In default of any such appointment, distribution was to be in accordance with Article II–C of the trust, which provided:

> After my husband's death (or mine if I survive him) the then-remaining principal shall be divided into equal shares, so that there will be one share for each child of mine who is then living or then dead and distributed to my children or grandchildren, after first giving 1% or $5,000.00, whichever is less, of my estate to Planned Parenthood of Bucks County.

On January 10, 1991, the deed transferring the real property was recorded with the Bucks County Recorder of Deeds.[2] The statement of value accompanying the deed indicated that the total consideration for the conveyance was $1.00, the fair market value of the property was $350,000, and the conveyance was exempt from realty transfer tax as a transfer from husband and wife to the wife's trust.

After review, the Department of Revenue determined in April 1991 that realty transfer tax should have been imposed on the conveyance of the residence to the trust and, pursuant to the applicable value for Bucks County at that time, computed a value of $226,914 with a resulting one percent realty transfer tax of $2,269.14 plus interest. The Leighs appealed to the Board of Appeals which sustained the tax later affirmed by the Board of Finance and Revenue. On May 21, 1992, the Leighs petitioned for review by this Court. Finally, on June 2, 1993, upon learning of the gift in the trust, the Planned Parenthood Association of Bucks County (Planned Parent-

---

2. On August 13, 1991, Article II–C of the trust was amended to delete the gift to Planned Parenthood.

hood) executed a disclaimer and renunciation of the $5,000 bequest pursuant to disclaimer provisions of the Probate, Estates and Fiduciaries Code found at 20 Pa.C.S. §§ 6201–6207. The disclaimer was filed of record with the deed for the property in question.

The questions this Court must consider on review are whether the Leighs' gift to Planned Parenthood subjects the real estate in the trust to the Pennsylvania realty transfer tax as set forth in Section 1102–C of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. § 8102–C; whether Planned Parenthood's disclaimer reverts back to the date of execution of the trust and nullifies imposition of the realty transfer tax; and whether the transfer of real estate to a trust is subject to the real estate transfer tax where settlor's husband, provided he survives his wife, may give the remaining principal to the couple's children or their descendants or to such charities as the husband may appoint by his will.

The Leighs first argue that the modest provision in Article II–C setting forth a gift after the death of both settlor and her husband of the lesser of one percent of the trust corpus or $5,000 was, in settlor's plan, a bequest, i.e., a gift of cash or personal property rather than a devise of realty. The Leighs point out that the trust assets included large amounts of stock, mutual funds, bonds, and other valuables, and note that had settlor intended to provide a devise of real estate, she would have employed specific language to that effect; this was not done, however, because it would have clouded title to the residence certainly at her death and most probably at the moment the new deed and a copy of the trust were recorded. Instead, the Leighs assert, the Court should not assume that settlor intended such a result where the trust was designed, as part of settlor's overall estate plan, to benefit her husband, their children, and their descendants.

Section 1102–C of the Tax Reform Code of 1971 provides that every person who executes or presents for recording any deed, instrument or writing which conveys,

transfers, devises, vests, confirms, or evidences any transfer or devise of title to real estate shall be subject to pay a state tax at the rate of one percent of the value of the real estate represented by such document. However, pursuant to Section 1102–C.3(6) of the Code, 72 P.S. § 8102–C.3(6), intra-family transfers, without regard to whether consideration is given, are exempt from the realty transfer tax. *Holmes v. Commonwealth,* 152 Pa.Commonwealth Ct. 193, 618 A.2d 1160 (1992). Section 1102–C.3(8), 72 P.S. § 8102–C.3(8), directs the Court to look at all possible beneficiaries, whether contingent or specifically named.[3] This Court in *Holmes* held that where a trust settlor transferred her personal residence to her revocable inter vivos trust, the inclusion of a friend as a contingent beneficiary takes the transfer out of exempt status. The trust provided, inter alia, that should the settlor's children predecease her without issue, the estate was to be distributed in equal shares to settlor's brother and to settlor's friend or the survivor.

 It is apparent that the transfer in the instant case cannot properly be characterized as a devise of real estate to Planned Parenthood, but rather is a bequest of personalty to that organization, with the real estate and the remainder of the personalty going to immediate family members. Thus *Holmes* is distinguishable because in that case the non-family member stood as a contingent beneficiary to a trust which clearly included the settlor's personal residence as the corpus of the trust. In such cases, every tax statute must be construed most strictly against the government: if there is a reasonable doubt as to its construction or its application to a particular case, that doubt must be resolved in favor of the

---

**3.** Section 1102–C.3(8) provides that the tax imposed by Section 1102–C shall not be imposed upon:

(8) A transfer for no or nominal actual consideration to a trustee of an ordinary trust where the transfer of the same property would be exempt if the transfer was made directly from the grantor to all of the possible beneficiaries, whether or not such beneficiaries are contingent or specifically named. No such exemption shall be granted unless the recorder of deeds is presented with a copy of the trust instrument that clearly identifies the grantor and all possible beneficiaries.

taxpayer. *Pennsylvania Builders Ass'n v. Department of Revenue,* 122 Pa.Commonwealth Ct. 493, 552 A.2d 730 (1989), *aff'd,* 524 Pa. 134, 569 A.2d 928 (1990). Because the Tax Reform Code clearly provides an exemption from the realty transfer tax for intra-family transfers of realty, but does not directly address the situation presented here, construction of the Code must therefore be resolved in favor of the Leighs.

The Commonwealth responds that there is no exclusion in the Tax Reform Code for transfers to organizations such as Planned Parenthood and that the Leighs could not convey their residence to Planned Parenthood without incurring the transfer tax. This argument is flawed because it assumes intent on the part of the Leighs to convey realty to Planned Parenthood, an assumption which the record does not support. The Commonwealth further asserts that the Leighs' arguments must fail because they focus on the nature of the asset as a part of the trust. Although the event which triggers the realty transfer tax is the recording of the deed, *Comach Construction, Inc. v. City of Allentown,* 159 Pa.Commonwealth Ct. 605, 633 A.2d 1336 (1993), and even though Planned Parenthood was a non-exempt contingent beneficiary, the trust agreement nevertheless did not clearly provide for a conveyance of realty to Planned Parenthood at the time the deed was recorded.

Moreover, assuming arguendo that the bequest to Planned Parenthood was instead a devise of real estate, the realty transfer tax would not be applicable due to Planned Parenthood's disclaimer. Section 6205(a) of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S. § 6205(a), provides:

> **(a) In general.**—A disclaimer relates back for all purposes to the date of the death of the decedent or the effective date of the inter vivos transfer or third-party beneficiary contract as the case may be. The disclaimer shall be binding upon the disclaimant and all persons claiming through or under him.

Pursuant to Section 6205(a), Planned Parenthood's disclaimer relates back to the October 4, 1990 execution of the trust, a

period of three months before the deed transferring the real property was recorded. Because the disclaimer related back to the period before any possible taxable event occurred, it had the effect of removing the gift from the trust ab initio and therefore no taxable event occurred on the later recording of the deed.

■ The Commonwealth nonetheless argues that although the disclaimer relates back for all purposes under the Probate Code, it does not reach over to the realty transfer provisions of the Tax Reform Code, asserting that transfers of real estate are taxable solely by the terms of the Tax Reform Code; further, this Court is not empowered to build a bridge of interpretation from one law to another which are in no way legislatively associated with one another, citing *Creighan v. Firemen's Relief & Pension Fund Board of City of Pittsburgh,* 397 Pa. 419, 155 A.2d 844 (1959). The Commonwealth's argument is untenable because it would have this Court ignore applicable provisions of the Probate Code while examining only the provisions of the Tax Reform Code.[4]

Accordingly, the Board of Finance and Revenue erred in sustaining the imposition of realty transfer tax upon the subject property and its decision is reversed. Judgment is entered in favor of the Leighs, and this Court need not address further issues raised by them in this appeal.

4. When considering the taxability of transfers made pursuant to the Leighs' trust, it is clearly appropriate for this Court to consider statutory provisions which directly address an issue presented in this case. Further, it is reasonable to assume that the legislature intended that the Tax Reform Code and the Probate Code be read in pari materia where both relate in this instance to the same person or things and are thus to be construed together. *See* Section 1932 of the Statutory Construction Act, 1 Pa.C.S. § 1932; *see also State Ethics Comm'n v. Cresson,* 528 Pa. 339, 597 A.2d 1146 (1991) (aspects of the Election Code and the Ethics Act related to the same subject matter, i.e., requirements for filing a nomination petition, are in pari materia and must be construed together); *Port Auth. of Allegheny County v. Div. 85, Amalgamated Transit Union,* 34 Pa.Commonwealth Ct. 71, 383 A.2d 954 (1978) (provisions of the Port Authority Act are in pari materia with provisions of the Public Employe Relations Act insofar as they relate to the same class of persons or things and must be construed together as one enactment).

20

*ORDER*

AND NOW, this 4th day of October, 1994, the decision of the Board of Finance and Revenue is reversed. Judgment is hereby entered in favor of Francis A. and Lucy Z. Leigh and will become final unless exceptions are filed within thirty days of the entry of this order pursuant to Pa.R.A.P. 1571(i).

PELLEGRINI, J., concurs in the result only.