**John C. GUDZAN, Petitioner**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 31, 2008.

Decided Dec. 18, 2008.

Thomas J. Michael, Pittsburgh, for petitioner.

Jo Ann P. Collins, Sr. Deputy Attorney General and Carol L. Weitzel, Chief Deputy Attorney General, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge,
SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

John C. Gudzan petitions for review of an order of the Board of Finance and Revenue (Board) sustaining the assessment against him by the Department of Revenue (Department) for the realty transfer tax in the amount of $2,511.33, with interest in the amount of $21.33, on transferred property valued at $251,231.50. We affirm.

The relevant facts in this matter, as stipulated by the parties, are as follows.[1] Gudzan is an individual residing in Conway, Pennsylvania. After Gudzan and his wife divorced on or about September 28, 2004, Gudzan agreed to purchase from his former spouse her interest in 12 parcels of rental real estate located in Beaver County, Pennsylvania, which they jointly owned. On or about May 11, 2005, a deed evidencing the transfer of realty from Gudzan and his former spouse, as husband and wife, to Gudzan, an individual, was recorded by the Beaver County Recorder of Deeds. Since this transfer was exempt under Pennsylvania law as a transfer between persons who were previously husband and wife, no realty transfer tax was assessed on the transfer.

On or about March 16, 2005, Gudzan created The California Avenue Land Trust. On or about May 19, 2005, a deed evidencing the transfer of the realty (described as parcel 8 in the joint deed) from Gudzan to The California Avenue Land Trust was recorded by the Beaver County Recorder of Deeds. Pennsylvania realty transfer tax was not paid on this transfer. On the Realty Transfer Tax Statement of Value form filed with the Department with respect to this transfer, Gudzan's representative claimed an exemption from the tax by checking the following box on the form: "Transfer to a trust."

On or about July 5, 2005, the Department issued a Pennsylvania Realty Transfer Tax Notice of Assessment (Notice of Assessment) to Gudzan relating to the transfer of realty from him to The California Avenue Land Trust. The Notice of Assessment provided that the transfer of realty from Gudzan to The California Avenue Land Trust was subject to the following tax: $2,511.33 in Pennsylvania realty transfer tax and $21.33 in interest accrued from May 19, 2005 through and including July 20, 2005, for a total of $2,532.66. The Notice of Assessment also provided that the Department had disallowed Gudzan's claimed exemption.

Gudzan timely filed a petition with the Board of Appeals, Pennsylvania Depart-

1. Pursuant to Pa.R.A.P. 1571(f), no record is certified to this Court by the Board. After the filing of the petition of review, the parties shall take appropriate steps to prepare and file a stipulation of such facts as may be agreed to and to identify the issues of fact, if any, which remain to be tried. Pa.R.A.P. 1571(f). In reviewing a determination of the Board, "[t]he facts stipulated by the parties on appeal are binding and conclusive and should be regarded as this Court's findings of fact." *Philadelphia Gas Works v. Commonwealth*, 741 A.2d 841, 843 n. 2 (Pa.Cmwlth. 1999).

ment of Revenue, on or about October 3, 2005. The petition challenged the Department's July 5, 2005 assessment of $2,511.33 in Pennsylvania realty transfer tax plus applicable interest. On or about April 16, 2006, the Board of Appeals issued a decision and order sustaining the realty transfer tax deficiency.

On or about July 10, 2006, Gudzan filed a petition with the Board. On or about November 17, 2006, the Board issued an order upholding the decision of the Board of Appeals and sustaining the assessment of the realty transfer tax. Therein, the Board concluded that Gudzan had failed to demonstrate The California Avenue Land Trust was an "ordinary" or "living" trust thereby entitling the transfer to an exclusion from the imposition of the realty transfer tax pursuant to the Realty Transfer Tax Act (Act).[2] Consequently, the Board concluded that the transfer of the property to the trust was properly subject to the realty transfer tax. On or about December 18, 2006, Gudzan filed a petition of review with this Court seeking a review of the Board's order.[3]

Herein, Gudzan raises the following issues for our review: (1) Whether the Board erred in sustaining the order of the Board of Appeals and determination of the Department that realty transfer tax was due because the deed from Gudzan to The California Avenue Land Trust does not effect a real transfer of interest in proper-

ty to someone other than the grantor of said trust; (2) Whether the Board erred in sustaining the order of the Board of Appeals and determination of the Department that realty transfer tax was due because The California Avenue Land Trust is not an ordinary trust exempt from the tax; and (3) Whether the Board erred in sustaining the order of the Board of Appeals and determination of the Department that realty transfer tax was due because The California Avenue Land Trust is not a living trust exempt from the tax.[4]

In support of these issues, Gudzan first argues that the deed transferring the property into The California Avenue Land Trust shows that the grantor, Gudzan, continues to have all, or substantially all, of the interest in the property after the conveyance as he had before the conveyance. The trustee under the terms of the trust could take certain actions, including among others, selling, leasing and occupying the property. However, the powers of the trustee were subject to the consent of the sole beneficiary, which is Gudzan. Therefore, the grantor and the beneficiary are the same person. Gudzan argues that the Board is placing form over substance because the grantor and the beneficiary are the same person; therefore, there was no real transfer in interest by placing the property in The California Avenue Land Trust.

---

2. Act of March 4, 1971, P.L. 6, *as amended, added by* the Act of May 5, 1981, P.L. 36, *as amended,* 72 P.S. § 8101–C—8114–C.

3. This Court hears determinations of the Board in its appellate jurisdiction, but its review is *de novo* based upon a record created before this Court or stipulated facts. Pa. R.A.P. 1571(h); *Hilltop Props. Assocs., Ltd. Partnership v. Commonwealth,* 768 A.2d 1189 (Pa.Cmwlth.2001).

4. The parties stipulated that two other cases currently pending before this Court involve

related matters and the parties agree that these other two cases will be controlled by the outcome of this case. These two cases are docketed as: *John C. Gudzan v. Commonwealth,* 732 F.R.2006; and *John C. Gudzan v. Commonwealth,* 733 F.R.2006. The parties further agree that the Court should enter an appropriate order for each of these two remaining cases, which is consistent with the order entered by the Court at the conclusion of this case.

Second, Gudzan argues that it is also clear that the Board is placing form over substance by its interpretation of "ordinary" and "living" trusts. Gudzan contends that the Board's interpretations are overly technical given the fact that the only beneficiary of the trust is the grantor. Gudzan contends that whether or not the property is in trust, he has the power and right to transfer all or part of his interest in the property by written agreement. Finally, Gudzan advances the same argument based on the Board's hyper technical interpretation of the Act with regard to his contention that the Board erred in concluding that The California Avenue Land Trust constitutes a living trust.

Section 1102–C of the Act provides as follows:

> Every person who makes, executes, delivers, accepts or presents for recording any document or in whose behalf any document is made, executed, delivered, accepted or presented for recording, shall be subject to pay for and in respect to the transaction or any part thereof, or for or in respect of the vellum parchment or paper upon which such document is written or printed, a State tax at the rate of one per cent of the value of the real estate represented by such document, which State tax shall be payable at the earlier of the time the document is presented for recording or within thirty days of acceptance of such document or within thirty days of becoming an acquired company.

72 P.S. § 8102–C.

Section 1102–C.3 governs excluded transactions and provides, in pertinent part, as follows:

> (8) A transfer for no or nominal actual consideration to a trustee of an ordinary trust where the transfer of the same property would be exempt if the transfer was made directly from the grantor to all of the possible beneficiaries that are entitled to receive the property or proceeds from the sale of the property under the trust, whether or not such beneficiaries are contingent or specifically named. A trust clause which identifies the contingent beneficiaries by reference to the heirs of the trust settlor as determined by the laws of the intestate succession shall not disqualify a transfer from the exclusion provided by this clause. No such exemption shall be granted unless the recorder of deeds is presented with a copy of the trust instrument that clearly identifies the grantor and all possible beneficiaries.
>
> (8.1) A transfer for no or nominal actual consideration to a trustee of a living trust from the settlor of the living trust. No such exemption shall be granted unless the recorder of deeds is presented with a copy of the living trust instrument.

72 P.S. § 8102–C.3. The terms "living trust" and "ordinary trust" are defined in the Act as follows:

> "LIVING TRUST." Any trust, other than a business trust, intended as a will substitute by the settlor which becomes effective during the lifetime of the settlor, but from which trust distributions cannot be made to any beneficiaries other than the settlor prior to the death of the settlor.
>
> "ORDINARY TRUST." Any trust, other than a business trust or a living trust, which takes effect during the lifetime of the settlor and for which the trustees of the trust take title to property primarily for the purpose of protecting, managing or conserving it until distribution to the named beneficiaries of the trust. An ordinary trust does not include a trust that has an objective to carry on business and divide gains, nor does it either expressly or impliedly have any of the

following features: the treatment of beneficiaries as associates, the treatment of the interests in the trust as personal property, the free transferability of beneficial interests in the trust, centralized management by the trustee or the beneficiaries, or continuity of life. Section 1101–C of the Act, 72 P.S. § 8101–C.

██ In concluding that The California Avenue Land Trust was not either an "ordinary" or "living" trust, the Board specifically stated as follows:

> Article 17 [of the trust agreement] provides that the interest of a Beneficiary, or any part of that interest, may be transferred by written assignment and Article 5 provides that the rights are deemed to be personal property. Therefore, this trust does not meet the definition of an "ordinary" trust. Since trust distributions can be made subsequent to any assignment of beneficial interest to beneficiaries other than the settler prior to the death of the settler, this trust does not meet the definition of a "living" trust.

Board Opinion at 4. Upon review of the trust agreement, we agree with the Board's conclusions that the trust is neither an "ordinary" trust nor "living" trust. The definition of "ordinary trust" as found in the Act provides that "[a]n ordinary trust does not include a trust that has an objective to carry on business and divide gains, nor does it either expressly or impliedly have any of the following features: the treatment of beneficiaries as associates, the treatment of the interests in the trust as personal property, the free transferability of beneficial interests in the trust, centralized management by the trustee or the beneficiaries, or continuity of life." Section 1101–C of the Act, 72 P.S. § 8101–C.

In The California Avenue Land Trust agreement at issue herein, the powers of the trustee, Premier Properties Unlimited, LLC, as set forth in paragraph 6 and subsequent unnumbered paragraphs of the trust agreement, establish that an objective of the trust is to carry on business including, *inter alia,* renting or leasing the property transferred into the trust. Gudzan, as the beneficiary of the trust, is entitled to all of the earnings, avails and proceeds of the trust property. *See* Original Record, Stipulation of Facts, Exhibit B at Paragraph 6. The trust agreement further provides that the beneficiary has the right to receive the proceeds and avails from the rental, sale, mortgage, or other disposition of the trust property and that this right and the other rights of the beneficiary shall be deemed to be personal property and may be assigned and otherwise transferred as such. *See Id.* at Paragraph 5. Thus, the trust treats the interests in the trust as personal property and there is free transferability of beneficial interests in the trust.

Further, the exclusive management and control of the trust property is granted to the trustee, Premier Properties Unlimited, LLC. *See Id.* at Paragraph 6. Therefore, there is centralized management of the trust property by the trustee. Finally, the trust contains provisions setting forth the procedures to be followed in appointing a successor trustee in the case the trustee resigns and also contains a provision that the death of the beneficiary shall not terminate the trust or in any manner affect the powers of the trustee. *See Id.* at Unnumbered Paragraph entitled "Resignation and Successor" at p. 3 and Paragraph 5. In other words, the trust clearly contains "continuity of life" provisions. Accordingly, we conclude that The California Avenue Land Trust is not an "ordinary trust" within the meaning of the Act.

■ Nor is The California Avenue Land Trust a "living trust" within the meaning of the Act. The trust does not name any other beneficiary other than Gudzan and it is clear from the provisions of the trust that Gudzan's interest in the trust may be assigned and otherwise transferred as he sees fit. In fact, Gudzan admits that he has the power and right to transfer all or part of his interest in the property by written agreement. However, this is contrary to the definition of "living trust" as set forth in the Act which requires that trust distributions cannot be made to any beneficiaries other than the settlor prior to the death of the settlor.

We further reject Gudzan's contentions that the Board's interpretation of the Act is overly technical and that the Board is placing form over substance because the grantor and the beneficiary are the same person; therefore, there was no real transfer in interest by placing the property in The California Avenue Land Trust. The two cases relied upon by Gudzan in support of these contentions are not controlling and readily distinguishable from the present case.

In *Baehr Brothers v. Commonwealth,* 487 Pa. 233, 409 A.2d 326 (1979), our Supreme Court held that a transfer of realty from a liquidated corporation to its stockholders was not subject to the realty transfer tax. The Supreme Court stated that tax cases must be decided on realities and that substance controls over form. As such, the Supreme Court reasoned that the transfer was not subject to the realty transfer tax because the beneficial title to the real estate of the corporation was vested in the stockholders by operation of law.

Herein, title to the property did not vest in the trustee by operation of law. Therefore, the Board was required to decide this matter based on the provisions of the Act. Accordingly, the holding *Baehr* is not controlling to the present matter.

In *Exton Plaza Associates v. Commonwealth,* 763 A.2d 521 (Pa.Cmwlth.2000), the issue was whether the Department properly imposed a realty transfer tax on the conveyance of a shopping center from Exton Plaza Associates, a general partnership, to Exton Plaza Associates, a limited partnership, having the same principals and the same business address. This Court held that the transfer was not subject to the tax because the deed did not affect a meaningful transfer of title to someone other than the grantor. Specifically, we concluded that the realty transfer tax did not apply because the deed was not a "document" which conveyed an interest in real estate to someone other than the grantor within the meaning of the Act.

The instant matter does not involve a change in the business structure of an entity. Thus, *Exton Plaza* does not control.

This matter involves the transfer of real property from an individual grantor to a trust wherein the trustee is a legal entity separate from the individual grantor. As such, the issue of whether the transfer is tax exempt turns on whether the trust fits within the definitions of "ordinary" or "living" trust as set forth in the Act. Since we have determined that The California Avenue Land Trust does not constitute either an "ordinary" or "living" trust within the meaning of the Act, the Board's decision upholding the imposition of the realty transfer tax is affirmed.[5]

---

**5.** We also reject any contention by Gudzan that the transfer is tax exempt based on the Board's regulations in effect when the transfer occurred as the Act's specific provisions defining "ordinary" and "living" trusts in effect at that time control over those of the previous regulations.

## ORDER

AND NOW, this 18th day of December, 2008, the order of the Board of Finance and Revenue in the above-captioned matter is hereby AFFIRMED. Judgment shall become final unless exceptions are filed within thirty days of the date of this order pursuant to Pa. R.A.P. 1571(i).