Michael A. **KOSCO** and Sally R. Kosco, **Petitioners**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 13, 2009.

Decided Dec. 16, 2009.

Lynn R. Emerson, Bridgeville, for petitioners.

Jo Ann P. Collins, Sr. Deputy Attorney General, Harrisburg, for respondent.

BEFORE: SIMPSON, Judge, and FRIEDMAN, Senior Judge and FLAHERTY, Senior Judge.

OPINION BY Judge SIMPSON.

Michael A. and Sally R. Kosco, husband and wife (Taxpayers), petition for review of a final order of the Board of Finance and Revenue (Board) holding Taxpayers' transfer of real property to themselves as trustees of a family land trust did not qualify for a trust exemption from realty transfer taxes under the relevant provisions of the Tax Reform Code of 1971 known as the Realty Transfer Tax Act (Act).[1] Taxpayers assert the Board erred in holding the trust is a nonexempt business trust rather than an ordinary trust because it exhibits none of the features of a business trust delineated in the Act. Discerning no error in the Board's determination, we affirm.

---

1. Act of March 4, 1971, P.L. 6, *as amended,* added by the Act of May 5, 1981, P.L. 36, *as* *amended,* 72 P.S. §§ 8101–C—8114–C.

## I. Background

Taxpayers built a retirement home on their property in Westmoreland County near the Seven Springs resort area. Their home is designed to accommodate visits from their four adult children and their families. In February, 2006, Taxpayers executed an irrevocable trust agreement titled the Kosco Family Land Trust (Trust). Taxpayers are the trustees and beneficiaries. Taxpayers' four children are secondary beneficiaries. In May, 2006, Taxpayers transferred their realty by deed to the Trust for "–0–" total consideration. The property's computed fair market value was $312,222.40. Taxpayers initially did not pay any realty transfer taxes; they claimed a full exemption for a transfer to an ordinary trust.[2]

▇▇▇▇ Thereafter, the Department of Revenue (Department) issued a notice of determination assessing the following taxes: $3,122.22 for the Pennsylvania realty transfer tax, $1,561.11 for a municipality tax and $1,561.11 for the school district taxes, plus interest. The determination also disallowed Taxpayers' claimed exemption because the Trust did not qualify as an ordinary or living trust. Taxpayers appealed the assessment to the Department's Board of Appeals. They argued an intra-family exemption under Sections 1102–C.3(8) and (6) of the Act[3] applied

2. Section 1101–C of the Act (definitions), 72 P.S. § 8101–C (emphasis by underline added), provides:

> The following words when used in this article shall have the meanings ascribed to them in this section:
>
> \*    \*    \*
>
> **"Living trust."** Any trust, other than a business trust, intended as a will substitute by the settlor which becomes effective during the lifetime of the settlor, but from which trust distributions cannot be made to any beneficiaries other than the settlor prior to the death of the settlor.
>
> \*    \*    \*
>
> **"Ordinary Trust."** Any trust, other than a business trust or a living trust, which takes effect during the lifetime of the settlor and for which the trustees of the trust take title to property primarily for the purpose of protecting, managing or conserving it until distribution to the named beneficiaries of the trust. An ordinary trust does not include a trust that has an objective to carry on business and divide gains, nor does it either expressly or impliedly have any of the following features: the treatment of beneficiaries as associates, the treatment of the interests in the trust as personal property, the free transferability of beneficial interests in the trust, centralized management by the trustee or the beneficiaries, or continuity of life.

3. Section 1102–C.3 of the Act, 72 P.S. § 8102–C.3, relevantly provides:

> The tax imposed by section 1102–C [realty transfer tax] shall not be imposed upon:
>
> . . . .
>
> (6) A transfer between husband and wife, between two persons who were previously husband and wife who have since been divorced, provided the property or interest therein subject to such transfer was acquired by the husband and wife or husband or wife prior to the granting of the final decree in divorce, between parent and child or the spouse of such child, between brother or sister or spouse of a brother or sister and brother or sister or the spouse of a brother or sister and between a grandparent and grandchild or the spouse of such grandchild, except that a subsequent transfer by the grantee within one year shall be subject to tax as if the grantor were making such transfer.
>
> . . . .
>
> (8) A transfer for no or nominal actual consideration to a trustee of an ordinary trust where the transfer of the same property would be exempt if the transfer was made directly from the grantor to all of the possible beneficiaries that are entitled to receive the property or proceeds from the sale of the property under the trust, whether or not such beneficiaries are contingent or specifically named. A trust clause which identifies the contingent beneficiaries by reference to the heirs of the trust settlor as determined by the laws of the intestate succession shall not disqualify a transfer from the exclusion provided by this clause. No

because all possible Trust beneficiaries are Taxpayers or their children, and the Trust is an ordinary trust, not a business trust.[4] The Board of Appeals found the Trust, as a land trust, had the business characteristics described in the Act's definition of an ordinary trust, and it sustained the assessment. Taxpayers paid the taxes. Thereafter, Taxpayers appealed to the Board, which likewise sustained the assessment. In its decision, the Board concluded

> the irrevocable [Trust] is a business trust. Article Second Paragraph A of the [Trust] states any beneficiary shall have the power of direction to deal with the title to the property, to "manage and control" the property, and to receive the proceeds from the rental or sale of the property. Paragraph A further states such rights "shall be deemed to be personal property, and may be assigned and transferred as such."

Bd. Order at 7. Taxpayers appeal.[5]

Taxpayers advance the same arguments here. They contend the conveyance to the Trust qualifies for an intra-family transfer exemption under Sections 1102–C.3(8) and (6) because transfer of the same property would be exempt if made from Taxpayers to all possible beneficiaries entitled to receive property or proceeds from the sale of property under the Trust. Taxpayers also contend the transfer fits within the exemption in Section 1102–C.3(8) because the Trust is an ordinary trust, not a business trust.

## II.  Discussion

### A.  Intra–Family Transfer

Taxpayers first contend the conveyance to the Trust falls within the exemptions in Sections 1102–C.3(8) and (6) of the Act because all beneficiaries, named or contingent, fall within the intra-family language of Section 1102–C.3(6). *See also* Department regulations at 61 Pa.Code §§ 91.193(b)(6)(i)(A)-(F) (transfers between certain family members exempt). Upon Taxpayers' death, the interest in the land, which is the corpus of the Trust, transfers to Taxpayers' four children as secondary beneficiaries. *See* Trust, Articles THIRD (Secondary Beneficiaries) and FOURTH (Dispositive Provisions). Stipulation of Facts (S.F.), Ex. A at 2. Pursuant to Section 1102–C.3(6) of the Act, "intra-family transfers, without regard to whether consideration is given, are exempt from the realty transfer tax." *Leigh v. Commonwealth*, 168 Pa.Cmwlth. 12, 648 A.2d 1346, 1348 (1994) citing *Holmes v. Commonwealth*, 152 Pa.Cmwlth. 193, 618 A.2d 1160 (1992) (if all possible beneficiaries are in an exempt category such as intra-family, then no realty tax is due).

In further support of their position, Taxpayers cite *Baehr Brothers v. Commonwealth*, 487 Pa. 233, 409 A.2d 326 (1979) (only the interest passing to persons other than the actual grantors is subject to realty transfer tax). Here, Taxpayers essen-

---

such exemption shall be granted unless the recorder of deeds is presented with a copy of the trust instrument that clearly identifies the grantor and all possible beneficiaries.

4. The Act does not specifically define the term "business trust." However, as noted above, the Act's definition of an "ordinary trust" delineates the features of a business trust. 72 P.S. § 8101–C; *Gudzan v. Commonwealth*, 962 A.2d 718 (Pa.Cmwlth.2008).

5. This Court conducts a de novo review of Board determinations. *Kelleher v. Commonwealth*, 704 A.2d 729 (Pa.Cmwlth.1997). The stipulations of fact are binding both on the parties and this Court. *Id.* However, this Court may draw its own conclusions. *Id.* In these appeals, this Court functions as a trial court. *Consol. Rail Corp. v. Commonwealth*, 679 A.2d 303 (Pa.Cmwlth.1996), *aff'd*, 547 Pa. 453, 691 A.2d 456 (1997).

tially transferred the property to themselves; no interest in the property passed to persons other than the grantors.

The Commonwealth counters that because the Trust is a business trust, not an ordinary trust, it cannot qualify for a trust exemption under Section 1102–C.3(8). Thus, it is not necessary to determine whether all possible beneficiaries fall within the intra-family transfer exemption in Section 1102–C.3(6). The Commonwealth also urges Section 1102–C.3(6) is inapplicable here because the Trust provides for the possibility of a beneficiary that falls outside the intra-family transfer exemption.

■ We agree with the Commonwealth that the intra-family exemption in Section 1102–C.3(6) only applies to transfers to a trust if that trust qualifies for an exemption as an ordinary trust under Section 1102–C.3(8) or as a living trust under Section 1102–C.3(8.1).[6] As discussed below, the Board properly determined the Trust has sufficient business characteristics to defeat Taxpayers' claim that it is an ordinary trust. Taxpayers acknowledge the Trust is not a living trust. Consequently, the intra-family transfer exemption in Section 1102–C.3(6) is inapplicable here.

### B. Nature of Trust

#### 1. Taxpayers' Argument

The paramount issue in this appeal is whether the Trust qualifies as an "ordinary trust" under the Act. As noted above, the Act defines an ordinary trust as "*[a]ny trust, other than a business trust* or a living trust, which takes effect during the lifetime of the settlor and for which the trustees of the trust take title to property primarily *for the purpose of protecting, managing or conserving* it until distribu-

tion to the named beneficiaries of the trust." 72 P.S. § 8101–C (emphasis added). This definition further specifies,

> [a]n ordinary trust does not include a trust that has an objective to carry on business and divide gains, nor does it expressly or impliedly have any of the following features: the treatment of beneficiaries as associates, the treatment of the interests in the trust as personal property, the free transferability of beneficial interests in the trust, centralized management by the trustee or the beneficiaries, or continuity of life.

*Id.*

Taxpayers assert the Trust is neither a living trust nor a business trust and must therefore be an ordinary trust. Although the Trust provides for centralized management and control, the primary purpose of control is to hold title to Taxpayers' home in order to *protect, manage and conserve* it for their lifetimes and then pass it on to their four children. Taxpayers stress the settlor's intent must prevail in the interpretation of trust provisions. *In re Trust of Hirt*, 832 A.2d 438 (Pa.Super.2003). To construe the language of the Trust as a business trust rather than an ordinary trust would directly contravene Taxpayers intent in setting up the Trust.

Taxpayers further argue the Trust does not have any of the features of a business trust set forth in Section 1101–C's definition of an ordinary trust. The Trust's objective is not to carry on a business or divide gains. The Trust does not treat beneficiaries as associates; it does not treat beneficiaries' interests in the Trust as personal property; there is no free transferability of beneficial interests; beneficiaries are restricted as to their interest in the corpus of the Trust; and, there is no centralized management by the trustees or

6. 72 P.S. § 8102–C.3(8.1).

continuity of life. Rather, the trustees manage the property and the Trust continues for a specified period of time.

### 2. Commonwealth's Argument

The Commonwealth counters the Trust is business trust which does not meet the Act's definition of either an ordinary trust or a living trust. It asserts the Trust has *all* the characteristics of a business trust delineated in Section 1101–C's definition of an ordinary trust. First, the Trust contains lengthy provisions authorizing the trustees to carry on business objectives, including the renting, mortgaging, selling or other disposition of Trust real estate. Second, the Trust contains provisions treating the beneficiaries as associates or partners sharing in the Trust's earnings, avails and proceeds. Third, Trust refers to the beneficiaries' interests as "personal property." Fourth, the Trust specifically states a beneficiary's interest may be freely assigned and transferred. Fifth, the Trust provides for centralized management by trustees, who are granted the power to exercise "absolute discretion" with respect to property held by the Trust. Sixth, the Trust includes several "continuity of life" provisions.

■ The Commonwealth further contends our recent opinion in *Gudzan v. Commonwealth*, 962 A.2d 718 (Pa.Cmwlth.

2008), unequivocally supports the Board's decision in this case. In *Gudzan*, a recently divorced man (Gudzan) purchased his former wife's joint share in 12 parcels of rental real estate, created a land trust, and then transferred the realty to the trustee, a real estate company. Gudzan was the sole beneficiary of the trust. He claimed a realty transfer tax exemption for transfer to a trust. Ultimately, the Board determined Gudzan failed to prove the land trust was either a living trust or an ordinary trust, and sustained the assessment. We affirmed, noting the trust had many of the business characteristics delineated in the Act's definition of an ordinary trust. *See id.* at 722. We rejected Gudzan's contentions that the Board's interpretation of the Act was overly technical and elevated form over substance. *Id.* at 723. The Commonwealth asserts the Trust contains provisions very similar to those in the *Gudzan* trust.[7]

Additionally, the Commonwealth asserts a business trust is considered a corporation for realty transfer tax purposes.[8] Taxpayers, as beneficiaries, are the equivalent of corporate shareholders or owners. Pursuant to Section 1102–C.4, 72 P.S. § 8102–C.4, a transfer of realty between a corporation and its shareholders is subject to the realty transfer tax. *Kline v. Commonwealth*, 899 A.2d 408 (Pa.Cmwlth.

---

7. Additionally, the Commonwealth asserts it is the Department's longstanding position that a land trust, which provides that the interests of the beneficiaries are personal property that may be assigned or otherwise transferred, constitutes a business trust. An administrative agency's interpretation of a statute it enforces is entitled to deference. *Tool Sales & Serv. Co., Inc. v. Commonwealth*, 536 Pa. 10, 637 A.2d 607 (1993). The Commonwealth also cites a letter ruling by the Department that a transfer of real estate to a land trust was subject to the realty transfer tax. *See* Cmwlth. Br., App. B: Pennsylvania Realty Transfer Tax—Transfer to a Land Trust (Reve-

nue No. RTT–07–001, filed February 8, 2007). The Department ruling notes the land trust reviewed therein has the characteristics of a business trust and thus it disregards the trust's stated purpose that it is not a business trust.

8. The Act defines a "corporation," with emphasis added, as "[a] corporation, joint-stock association, *business trust* or banking institution which is organized under the laws of this Commonwealth, the United States, or any other state, territory, or foreign country, or dependency." 72 P.S. § 8101–C.

2006), aff'd, 593 Pa. 380, 930 A.2d 1263 (2007).

The Commonwealth also maintains Taxpayer's reliance on *Baehr Brothers* is misplaced. *Baehr* involved a transfer of realty from a corporation to its stockholders pursuant to a liquidation of the corporation. This transfer occurred by operation of law and thus was not subject to the realty transfer tax. Unlike *Baehr*, the transfer in the present case was not by operation of law. *See Gudzan* (*Baehr* inapplicable because title to the property in *Gudzan* did not vest in the trustee by operation of law).

Moreover, the Commonwealth contends the business character of a trust controls over the settlors' purported intent to create an ordinary trust. The Trust specifically allows the property to be rented, sold, mortgaged or disposed of by other means. *See* Trust, Articles SIXTH (Powers of Trustees) and TENTH (Termination of Trust).

### 3. Analysis

As noted above, the primary issue in this appeal is whether the Trust qualifies as an ordinary trust as defined by Section 1101–C of the Act. Taxpayers contend the Trust has none of the disqualifying business features delineated in the Act's definition of an ordinary trust. Conversely, the Commonwealth claims the Trust has all six business features. If the Trust has *any* of these business features, it does not qualify as an ordinary trust. 72 P.S. § 8101–C.

### a. Business Objective

"An ordinary trust does not include a trust that has an objective to carry on business and divide gains...." 72 P.S. § 8101–C. In *Gudzan*, we noted the trust agreement authorized the trustee to carry on business, including renting or leasing the property transferred into the trust.

Therefore, the *Gudzan* trust had a business objective. 962 A.2d at 722. Here, the Trust's objective is not just to protect, manage and conserve Taxpayer's realty. The Trust contains numerous paragraphs authorizing the trustees to carry on business, including renting, mortgaging, selling or disposing of real property, and earning investment income for Trust beneficiaries. *See* Trust, Article SIXTH, ¶¶ A–S (Powers of Trustees). Consequently, we conclude an objective of the Trust is to carry on business. *Gudzan*.

### b. Beneficiaries as Associates

An ordinary trust does not treat the beneficiaries as associates. 72 P.S. § 8101–C; *Gudzan*. Here, the Trust's beneficiaries are entitled to the Trust's earnings, avails and proceeds derived from the sale, rental or other disposition of the Trust corpus. *See* Trust, Articles SECOND (Assignment of Title) (beneficiaries' interests include the right to the earnings, avails and proceeds from the rentals, mortgages, sales or other disposition of the Trust realty) and TENTH (Termination of Trust) (upon the termination of the Trust, the proceeds of any public sale of the Trust realty to be divided among those beneficiaries entitled to it under the Trust). As a result, the Trust essentially treats the beneficiaries as business associates or partners. This is a definite feature of a business trust. 42 P.S. § 8101–C; *Gudzan*.

### c. Beneficiaries' Interests Considered Personal Property

■ An ordinary trust does not treat the beneficiaries' interests in the trust as personal property. 72 P.S. § 8101–C; *Gudzan*. Taxpayers argue the Board, in concluding the Trust treats the beneficiaries' interests as personal property, misconstrued the language of Article SEC-

OND (Assignment of Title), which provides (with emphasis added):

A. That the interest of any beneficiary hereunder shall consist solely of a power of direction to deal with the title to said property and to manage and control said property as hereinafter provided, and *the right to receive the proceeds from rentals and from mortgages, sales or other dispositions of said premises, and that such right in the avails of said property shall be deemed to be personal property, and may be assigned and transferred as such* that in case of the death of any beneficiary hereunder during the existence of this Trust, his or her right or interest hereunder shall, except as herein otherwise specifically provided, pass to his or her executor or administrator, and not to his or her heirs at law, and the [sic] no beneficiary now has and that no beneficiary hereunder at anytime shall have the any [sic] right, title or interest in or to any portion of said real estate as such, either legal or equitable, but only an interest in the earnings, avails and proceeds as aforesaid.

S.F., Ex. A at 1. Taxpayers maintain the "personal property" language quoted above did not refer to the Trust corpus, but to other assets associated with the corpus, such as money put into the Trust to pay for property taxes and insurance. Thus, they argue the Trust does not treat the beneficiaries' interests as personal property.

We disagree. In *Gudzan* we interpreted similar trust language treating the beneficiaries' rights to the proceeds and avails from the rental, sale or other disposition of trust property, to be a definite feature of a business trust. Therefore, *Gudzan* is controlling on this issue.

### d. Free Transferability of Beneficial Interests

An ordinary trust does not permit the free transferability of beneficial interests in the trust. 72 P.S. § 8101–C; *Gudzan.* Taxpayers contend the beneficiaries' interest in the Trust corpus is restricted under both Articles FOURTH (Dispositive Provisions) and SEVENTH (Beneficiaries' Right of First Refusal). However, the beneficiaries' rights to the proceeds and avails from the rental, sale or other disposition of trust property, are freely transferable. *See* Article SECOND (Assignment of Title). This is a feature of a business trust. *Gudzan.*[9]

### e. Centralized Management

An ordinary trust is not centrally managed by the trustees or beneficiaries. 72 P.S. § 8101–C; *Gudzan.* Taxpayers concede the Trust provides for centralized management and control by the trustees. However, they assert the primary purpose of such control is to protect, manage and conserve the property. As such, this language is more consistent with an ordinary trust than a business trust.

Again, we disagree. As discussed above, the Trust contains numerous provisions authorizing the trustees to carry on business, including renting, mortgaging, selling or disposing of the Trust property, and earning investment income for Trust beneficiaries. *See* Trust, Article SIXTH, ¶¶ A–S (Powers of Trustees). This is a

---

9. The Commonwealth also points out the current Department regulations, amended in December, 2007, after the Board decided this case, provide that if the trust agreement treats the beneficiaries' interests in the trust as transferable personal property, the trust will fail to qualify as an ordinary trust. *See* 61 Pa.Code § 91.101. Here, as discussed above, the Trust treats the beneficiaries' interest in profits or proceeds derived from Trust as transferable personal property.

feature of business trust. 72 P.S. § 8101–C; *Gudzan.*

### f. Continuity of Life.

■ An ordinary trust does not provide for continuity of life.[10] 72 P.S. § 8101–C; *Gudzan.* Regarding this issue, Taxpayers contend the Trust continues for a specified period of time and does not have an independent existence or continuity of life. Conversely, the Commonwealth contends the Trust has at least two continuity of life provisions. *See* Articles SECOND (Assignment of Title) ("The death of any beneficiary hereunder shall not terminate the Trust or in any manner affect the powers of the Trustees hereunder.");[11] and EIGHTH (Successor Trustees) ("If [Taxpayers], or the survivor of them, are unable or unwilling for any reason to act or continue to act as Trustees, Ann Elizabeth Kwasniewski shall serve in their place with the same powers and duties and limitations thereon. If Ann Elizabeth Kwasniewski is unable or unwilling to act or continue to act as Trustee, Amy Lynn Smeltzer shall serve in her place with the same powers and duties and limitations thereon.")[12] In *Gudzan,* we determined that similar language "clearly contains 'continuity of life' provisions." 962 A.2d at 722.

■ For these reasons, we agree with the Commonwealth that, regardless of the settlors' purported intent to create an ordinary trust, the Trust has a business objective inasmuch as it authorizes the renting, mortgaging, selling or other disposition of the Trust realty. The Trust also contains several other business features that disqualify it from falling within the definition of an ordinary trust in Section 1101–C of the Act, 72 P.S. § 8101–C. *Gudzan.* Accordingly, the Board properly upheld the Department's imposition of the realty transfer tax.[13] *Id.*

It is appropriate to observe that the Trust was created before our decision in *Gudzan.* However, that recent decision controls, and it compels the result advocated by the Commonwealth. Accordingly, we affirm.

### ORDER

AND NOW, this 16th day of December, 2009, the order of the Board of Finance and Revenue is **AFFIRMED.** Judgment shall become final unless exceptions are filed within thirty (30) days of the date of this order pursuant to Pa. R.A.P. 1571(i).

DISSENTING OPINION BY Senior Judge FRIEDMAN.

I respectfully dissent. The majority holds that, because the Kosco Family Land Trust (Trust) has features of a business trust, it is not an "ordinary trust" within the definition in section 1101–C of the act known as the Realty Transfer Tax Act (Act)[1] and, thus, is not exempt from realty transfer taxes. For the following reasons, I cannot agree.

---

10. The "**continuity-of-life doctrine**" is defined as "[t]he principle that the withdrawal, incapacity, bankruptcy, or death of the owner of an entity (esp. a corporation) does not end the entity's existence." Black's Law Dictionary 340 (8th ed. 2004).

11. S.F., Ex. A at 1.

12. S.F., Ex A. at 5.

13. Having determined the Board properly upheld the Department's imposition of the realty transfer tax, we need not address the Commonwealth's contention that Taxpayer's transfer to the Trust is taxable under Section 1102–C.4 of the Act, 72 P.S. § 8102–C.4, as a transfer between a corporation and its shareholders.

1. Act of March 4, 1971, P.L. 6, *as amended,* added by the Act of May 5, 1981, P.L. 36, *as amended,* 72 P.S. § 8101–C.

Michael A. Kosco and Sally R. Kosco (Taxpayers) built a retirement home designed to accommodate visits from their four children and their families. In February 2006, Taxpayers executed the Trust, making Taxpayers both trustees and beneficiaries and making their four children secondary beneficiaries. In May 2006, Taxpayers transferred the home to the Trust for no actual consideration.

Realty transfer taxes are not imposed upon:

> A transfer for no or nominal actual consideration to a trustee of an **ordinary trust** where the transfer of the same property would be exempt if the transfer was made directly from the grantor to all of the possible beneficiaries [2] that are entitled to receive the property or proceeds from the sale of the property under the trust, whether or not such beneficiaries are contingent or specifically named.

72 P.S. § 8102–C.3(8) (emphasis added). Section 1101–C of the Act defines an "ordinary trust" as follows:

> Any trust, other than a business trust or a living trust, which takes effect during the lifetime of the settlor and for which the trustees of the trust take title to property primarily for the purpose of protecting, managing or conserving it until distribution to the named beneficiaries of the trust. An ordinary trust does not include a trust that has an objective to carry on business and divide gains, nor does it either expressly or impliedly have any of the following features: the treatment of beneficiaries as associates, the treatment of the interests in the trust as personal property, the free transferability of beneficial interests in the trust, centralized management by

the trustee or the beneficiaries, or continuity of life.

72 P.S. § 8101–C.

The majority concludes that an objective of the Trust is to carry on a business and that the Trust has features of a business trust because the Trust "authorizes the renting, mortgaging, selling or other disposition of the Trust realty." (Majority op. at 189.) However, ordinary homeowners rent, mortgage, sell and dispose of their real property, and they are not carrying on a business. Thus, I cannot agree that the Trust is a business trust simply because it authorizes trustees to do with the Trust property what ordinary people do with their property.

Accordingly, I would reverse.

---

**2.** Realty transfer taxes are not imposed upon intra-family transfers. Section 1102–C.3(6) of the Act, added by the Act of July 2, 1986, P.L.

318, *as amended,* 72 P.S. § 8102–C.3(6). Thus, in this case, the transfer would be exempt.