## CONSOLIDATED RAIL CORPORATION, Petitioner

v.

## COMMONWEALTH of Pennsylvania, Respondent. (Three Cases).

Commonwealth Court of Pennsylvania.

Argued June 12, 1996.
Decided July 15, 1996.

Ralph G. Wellington, for Petitioner.

Matthew W. Tomalis, for Respondent.

Before COLINS, President Judge, and McGINLEY, SMITH, PELLEGRINI, FRIEDMAN, FLAHERTY and LEADBETTER, JJ.

## OPINION AND ORDER

COLINS, President Judge.

Consolidated Rail Corporation (Conrail) has filed exceptions [1] from the January 12, 1996 opinion and order of this Court, affirming three orders of the Board of Finance and Revenue (Board) that determined Conrail's capital stock tax liability for the periods ending April 2, 1987, April 30, 1987, and April 30, 1988, and that rejected Conrail's method of calculating its average net income and net worth for those foregoing time periods.

For each time period, the capital stock value calculated by Conrail was not accepted by the Department of Revenue (Department), which subsequently issued a revised value that increased Conrail's capital stock tax. Conrail petitioned the Board protesting the increase in its capital stock tax. The Board denied the petitions, disputing Conrail's method of computing the average net income and net worth components of its capital stock value, and recalculating them.

Conrail appealed the matter to this Court. After a hearing, a three-judge panel of this Court, by its January 12, 1996 order and opinion, affirmed the Board's decision. It is from this order that Conrail filed the subject exceptions, which were argued before this Court sitting·en banc on June 12, 1996.

In tax appeals from the Board, this Court functions as a trial court, and exceptions filed pursuant to Pa. R.A.P. 1571(i) have the effect of an order granting reconsideration. *Philip P. and Margaret B. Kalodner v. Commonwealth of Pennsylvania,* 161 Pa.Cmwlth. 226, 636 A.2d 1230 (1994).

Conrail presents the same arguments in its exceptions as in its initial appeal, all of which were thoroughly addressed in this Court's detailed and well-reasoned January 12, 1996

opinion. After having reviewed the record, the briefs and the respective positions of Conrail and the Department, we fail to find any arguments presented by Conrail that would warrant sustaining its exceptions and vacating this Court's panel decision.

Accordingly, we dismiss Conrail's exceptions and enter the following Order:

AND NOW, this 15th day of July 1996, after considering the exceptions filed in the three above-captioned consolidated matters by the Consolidated Rail Corporation from an opinion and order filed on January 12, 1996 by a panel of Judges of this Court, and reported at 670 A.2d 722 (Pa.Cmwlth.1996), said exceptions are hereby dismissed, and further, this Court's opinion and order filed on January 12, 1996, affirming the three orders of the Board of Finance and Revenue in the above-captioned matters, are confirmed and adopted as the opinion and order of this Court sitting en banc.

---

1. Pa. R.A.P. 1571(i) provides, in pertinent part:

   (i) Exceptions. Any party may file exceptions to an initial determination by the trial court under this rule within 30 days after the entry of the order to which exception is taken. Such timely exceptions shall have the effect, for the purposes of Rule 1701(b)(3)(authority of lower court or agency after appeal) of an order expressly granting reconsideration of the determination previously entered by the court. Issues not raised on exceptions are waived and cannot be raised on appeal.