**In Re: Petition of ELK COUNTY AUDITORS for An Extension of Time to Prepare and File An Annual Report for Calendar Year 2004.**

**Appeal of: County of Elk.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 8, 2006.
Decided July 28, 2006.

Thomas G. Wagner, St. Marys, for appellant, County of Elk.

James H. DeVittorio, Ridgway, for appellee, The Auditors of Elk County.

BEFORE: PELLEGRINI, Judge, and LEADBETTER, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Elk County appeals from an order of the Court of Common Pleas of the Fifty–Ninth

Judicial District, Elk County Branch (trial court) granting the Elk County Auditors (Auditors) an extension until July 1, 2005 to complete and file the 2004 audit and ordering that the Auditors are entitled to be compensated for auditing services actually performed, provided that that the total compensation may not exceed $40,494.

On April 7, 2005, the Auditors filed a petition with the trial court for an extension of time to prepare and file an annual report for the 2004 calendar year. The petition asserted that while the Auditors had completed approximately 65% of the audit and report for 2004, they would be unable to conduct and complete a thorough and detailed audit by the May 1st deadline for submission of the Auditors' annual report mandated by Section 1721 of The County Code.[1] The reasons alleged for the anticipated delay in preparing and submitting a comprehensive audit included increased time in becoming familiar with and reviewing the new Common Pleas Court Management System computer program used by the Elk County Probation and Parole Department, the increase in the scope and volume of the 2004 audit as compared to the prior year, and review of some 3,500 additional expenditure checks drawn on the general fund of Elk County.

Elk County filed an answer to the petition and new matter on April 15, 2005. In its answer, Elk County requested that the petition be dismissed and the extension be denied. In its new matter, Elk County raised the issue of compensation of services provided by the Auditors and asserted that the grant of an extension would result in the Auditors claiming compensation in excess of that budgeted by Elk County for 2005 in the amount of $33,560. Elk County specifically requested that the

---

1. Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. § 1721. Section 1721 entitled "Audit of accounts by auditors; report to common pleas; publications; financial report to Department of Community Affairs", provides as follows:

    (a) The auditors shall audit, settle and adjust the accounts of all county officers of the county, and make an annual report thereof, on or before the first day of the following May, to the court of common pleas, unless upon due cause shown the court shall grant an extension of time therefor. Said report shall be in detail, showing distinctly and separately all receipts and expenditures of the several offices, and all debts and accounts due, and the amount raised from each source of revenue, and the expenditures in detail and classified by reference to the object thereof, together with a full statement of the financial conditions of the county, and a statement of the balance due from or to such county officers.

    (b) The auditor's report shall be prepared and within ten days after being filed in the court of common pleas, a concise summary thereof shall be published once, in at least two newspapers published in said county; or if not more than one newspaper is published in the county, then in such newspaper; or if there be no newspaper published in the county, then in one newspaper of general circulation in said county. The expense of the publication of said summary shall be paid by the county. Within the summary of the auditor's or controller's report, there shall be a notice to the public that the entire text of the report shall be available for public inspection during regular business hours in the office of the auditor or controller.

    (c) The county auditors shall also make an annual report of the financial condition of the county to the Department of Community Affairs, which report shall be signed by a majority of the auditors, and duly verified by the oath or affirmation of one of the auditors. The report shall be presented on a form furnished by the Secretary of Community Affairs, and shall be filed on or before the first day of the following May.

    (d) Any auditors refusing or wilfully neglecting to file the report required by this section shall, upon conviction thereof, in a summary proceeding brought at the instance of the Department of Community Affairs, be sentenced to pay a fine of five dollars ($ 5) for each day's delay beyond said first day of May, and costs. All fines recovered shall be for the use of the Commonwealth.

trial court consider an alternate claim for relief in limiting Auditors' compensation to the 2005 Elk County budget amount. In the reply to new matter, the Auditors asserted that if an extension was granted, the Auditors would not claim any compensation in excess of $40,904, the amount designated as the Auditors' annual compensation in the **original** proposed Elk County budget for 2005.

A hearing on the petition was held before the trial court on May 9, 2005. On May 23, 2005, the trial court entered an order granting the Auditors an extension until July 1, 2005 to complete and file the 2004 audit. The trial court also determined that the Auditors were entitled to be compensated for auditing services actually performed to the provision that the total compensation could not exceed $40,904. This appeal by Elk County followed.

Herein, Elk County raises the following issues: (1) Whether the trial court had the power to extend the time for performance of the statutory audit required of the elected auditors under The County Code; and (2) Whether the trial court has the power to order the compensation of elected auditors beyond the monies appropriated in the Elk County budget.

█ In support of its appeal, Elk County first argues that the trial court lacked the authority to grant an extension of time to conduct the audit. Elk County contends that it has no objection to an extension of time for the Auditors to file their annual report because the late filing of the report has no meaningful impact on the conduct of county business. However, Elk County does object to the granting of an extension of time to conduct audit work, as opposed to just filing of the report, as this raises the issue of whether the Auditors or the trial court may invade the power of the Elk County Commissioners to control the purse strings of Elk County by claiming or awarding compensation beyond what is budgeted.

Elk County points out that Section 703 of The County Code requires that the Auditors complete their audit before the first day of April. However, Elk County argues that Section 703 only allows the trial court to grant additional time for completion of the report, not for the performance of the audit work. Elk County points to Section 1721 of The County Code which requires the Auditors to file their report by the first day of May. Elk County argues that the deadline contemplated by Section 1721 is the deadline for making the annual report and that the language of Section 1721 therefore necessarily grants the trial court only the authority to extend the time for filing the report. Elk County contends that these two sections do not provide authority to the trial court to grant added time to perform audit work.

Section 703 of The County Code provides as follows:

The Auditors shall assemble at the county seat on the first Monday of January in each year, and begin their audit of the fiscal affairs of the county for the fiscal year immediately preceding, and thereafter, at such times as they may find necessary for the completion of their audit before the first day of the following April. They may, upon petition to the court of common pleas, have such additional time for the completion of their report as the court shall allow. Any two auditors when duly convened shall be a quorum for the purpose of transacting any business.

16 P.S. § 703. Section 1721(a) of The County Code, provides, in pertinent part, as follows:

The auditors shall audit, settle and adjust the accounts of all county officers of

the county, and make an annual report thereof, on or before the first day of the following May, to the court of common pleas, unless upon due cause shown the court shall grant an extension of time therefor. Said report shall be in detail, showing distinctly and separately all receipts and expenditures of the several offices, and all debts and accounts due, and the amount raised from each source of revenue, and the expenditures in detail and classified by reference to the object thereof, together with a full statement of the financial conditions of the county, and a statement of the balance due from or to such county officers. 16 P.S. § 1721(a). As shown by the language of Section 703, the General Assembly chose to use the terms "audit" and "report" when referring to the duties and obligations of an auditor or auditors without making a specific distinction between the two terms. As correctly observed by the trial court, The County Code does not specifically define the term "audit". The term "audit" is defined in Webster's Third New International Dictionary as "a formal or official examination and verification of books of account"; "a methodical examination and review of a situation or condition ... concluding with a detailed report or findings"; and "the final report following a formal examination of books of account." Webster's Third New International Dictionary 143 (1986). Thus, based on the foregoing dictionary definition, the terms "audit" and "report" may be construed to be synonymous as used in Section 703 of The County Code.

Further the language of Section 1721(a) buttresses the conclusion that the General Assembly intended for the terms "audit" and "report" to be synonymous. Section 1721(a) requires the Auditors to audit, settle and adjust the accounts of all county officers of Elk County and make an annual report thereof by May 1st, to the trial court, unless the trial court grants an extension upon due cause shown. Section 1721(a) also provides exactly what the report must contain. It is clear from the language of Section 1721(a) that an audit is not considered complete until an annual report is made thereof and that an annual report cannot be made until the auditors complete the audit, settlement and adjustment of the accounts. This interpretation is consistent with the definition of "audit" as found in Webster's. Accordingly, based on the foregoing, we conclude that the General Assembly intended for the terms "audit" and "report", as used in Sections 703 and 1721(a) of The County Code, to be synonymous and Elk County's attempted distinction to the contrary is without merit.

Section 703 specifically permits the Auditors to petition the trial court for "additional time for the completion of their report as the court shall allow." In turn, Section 1721(a) mandates that the trial court grant such an extension "upon due cause shown." Therefore, the trial court was empowered, upon due cause shown, to grant an extension to the Auditors for the completion of the 2004 audit pursuant to The County Code. As Elk County does not dispute that the Auditors showed due cause, the trial court did not err in granting the extension.

█ Next, Elk County argues that the trial court did not have the authority to order compensation exceeding the Elk County budget. Elk County contends that no provision of The County Code grants explicit authority for the trial court to order Elk County to appropriate and pay funds for unbudgeted expenses or to review or modify a duly adopted county budget. In addition, the Elk County Commissioners are authorized under The County Code to fix the salaries of all elected county officials and other sections of The Coun-

ty Code only establish the minimum rate of compensation for County Auditors.

Elk County further argues that several appellate court cases have addressed the power of a court of common pleas to order the payment of unbudgeted funds and in all cases held that local governments may not be forced to make payment of salaries or contract obligations if the legislative body of that governmental unit does not make appropriations sufficient to cover the claim. *See e.g. Yost v. McKnight,* 865 A.2d 979 (Pa.Cmwlth.2005); *Cadue v. Moore,* 166 Pa.Cmwlth. 450, 646 A.2d 683 (1994); and *Coleman v. Stevenson,* 20 Pa.Cmwlth. 498, 343 A.2d 375 (1975). In *Kistler v. Carbon County,* 154 Pa.Super. 299, 35 A.2d 733 (1944), the Superior Court stated that the obligation to guard against unlawful or exorbitant charges rests with the county commissioners. Therefore, Elk County argues, the trial court invaded the County Commissioners' power and discretion by ordering that the Auditors' compensation be more than what was budgeted for in 2005.

Upon our review of this matter, we conclude that the trial court did not err or abuse its discretion by ordering that the Auditors are entitled to be compensated for the auditing actually performed provided that the total compensation may not exceed $40,494.[2] First, the Auditors' are entitled to be compensated for the audit work they performed and Elk County is statutorily obligated to pay the Auditors a salary for the performance of their duties.

In 1971, the General Assembly enacted an act which provides for the compensation of county officers. Pursuant to Section 4 of the Act of November 1, 1971, P.L. 495,

*as amended,* 16 P.S. § 11011–4, the Auditors are required to be paid forty-five dollars for each six hours of work in the discharge of their duties, together with mileage at the rate of seventeen cents, once, each and every day so employed. Section 10.1 of the Act of November 1, 1971, *added by* Act of November 1, 1979, P.L. 246, *as amended,* 16 P.S. § 11011–10.1, empowers Elk County to set the salaries of all county officers governed by this act; however, the Elk County Commissioners are specifically prohibited by Section 10.1 from reducing the salary of any county officer, which includes the Auditors, below the amount set forth in the Act of November 1, 1971.

As such, we reject Elk County's argument that that the Auditors' salaries are not fixed by statute because the Act of November 1, 1971 merely sets forth the procedure for setting compensation and not the amount. The Auditors' salaries are clearly fixed by Section 4 of the Act of November 1, 1971. While Section 10.1 of the Act of November 1, 1971 provides a means for the Elk County Commissioners to increase the Auditors' salaries, it does not eliminate the Elk County Commissioners' statutory obligation to pay the Auditors' the minimum compensation set forth in Section 4 of the Act. Moreover, given that the Auditors were properly granted an extension pursuant to The County Code to complete the performance of their 2004 audit duties, we conclude that Elk County cannot attempt, at this point through a court order, to limit the compensation for the work the Auditors' performed on the 2004 audit to the amount budgeted in its 2005 budget. As stated by this Court in

**2.** As previously stated herein, it was Elk County that raised the issue of the Auditors' compensation in its new matter and requested that any order granting an extension of time limit the compensation of the Auditors to the amount set forth in the 2005 Elk County budget. Therefore, Elk County must have believed that the trial court had the authority, whether inherent or explicit, to decide the issue of the Auditors' compensation.

*Medico v. Makowski,* 793 A.2d 167, 170 (Pa.Cmwlth.2002):

> A budget under the County Code is "a method whereby expenditures are controlled and limited during the fiscal period by designating the amounts of money legally at the disposal of the commissioners, and the purposes for which they may be expended." *Kistler v.* Carbon County, 154 Pa.Super. 299, 35 A.2d 733, 735 (Pa.Super.1944). Commissioners "cannot, by adopting a budget, limit or avoid liabilities imposed upon the County by ... statutes.... The county commissioners are obligated to meet .... statutory obligations...." Id.

Second, we point out that the trial court did not order that Elk County pay the Auditors a specific sum above the amount budgeted for in the 2005 budget. The trial court only ordered that the total compensation *not* exceed the sum of $40,494. While the sum of $40,494 is clearly more than the budgeted amount of $33,560, at this point in the record before this Court, it would be mere speculation to conclude that the amount of the compensation claimed by the Auditors' for the 2004 audit exceeded the 2005 budgeted amount. Moreover, a budget is a planning tool and it is often the case that, due to changing circumstances, appropriations for certain items also change resulting in either an excess or shortfall. In such cases, the county commissioners can make supplemental appropriations or authorize the transfer of unencumbered balances by resolution. *See* Section 1784 of The County Code, 16 P.S. § 1784. In addition, any dispute over appropriations may be resolved by the courts. Therefore, the trial court did not err by not limiting the Auditor's compensation to $33,560.

Accordingly, we conclude that the trial court did not err or abuse its discretion. The trial court's order is affirmed.

### ORDER

AND NOW, this 28th day of July, 2006, the order of the Court of Common Pleas of the Fifty–Ninth Judicial District, Elk County Branch entered in the above captioned matter is affirmed.