IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Epifanio Torres, : 
              Petitioner : 
               : 
      v. : 
               : 
Commonwealth of Pennsylvania, :   No. 567 F.R. 2016
              Respondent :   Argued: February 11, 2020

BEFORE:    HONORABLE ANNE E. COVEY, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED: February 28, 2020

      Epifanio Torres (Petitioner) petitions for review of an order of the Board of Finance and Revenue, dated June 8, 2016, dismissing his petition for refund, because the Board of Finance and Revenue concluded that the Board of Appeals had properly dismissed Petitioner's petition for refund of personal income tax as untimely. Upon review, we affirm.

      As required by Pennsylvania Rule of Appellate Procedure 1571(f), the parties filed a joint stipulation of facts and exhibits with this Court, which reveal the following. In 2005, Petitioner failed to timely file a Pennsylvania personal income tax return. Stipulation of Facts (Stip.), ¶ 4. The Commonwealth, through the Pennsylvania Department of Revenue (Department), used information from the Internal Revenue Service to establish Petitioner's personal income tax liability for the 2005 tax year. Stip., ¶ 5. On January 9, 2008, the Department issued a "Notice

of Assessment" to Petitioner relating to the 2005 tax year. Stip., Ex. A; *see* Stip., ¶ 6. Petitioner did not appeal the assessment and paid the assessment on September 3, 2014. Stip., ¶¶ 8 & 9.

On October 29, 2015, Petitioner filed a petition with the Department's Board of Appeals, requesting a refund. Stip., ¶ 10. By decision and order dated December 30, 2015, the Board of Appeals dismissed Petitioner's appeal for failing to file a timely refund request. Specifically, the Board of Appeals held, "Section 3003.1(d) of the Tax Reform Code of 1971 [Tax Reform Code],[1] as amended, provides that for payments made *as a result of an assessment*, a petition for refund must be filed within six (6) months of the actual payment." Stip., Ex. C. at 1 (emphasis added). The Board of Appeals determined that Petitioner was seeking a refund of payments made as a result of an assessment. *Id.* Because Petitioner made payment on September 3, 2014 and because his petition for refund was not filed until more than a year later on October 29, 2015, it was beyond that statutory deadline of six months and, therefore, was untimely. *Id.*

Petitioner then appealed to the Board of Finance and Revenue, which, by order dated June 8, 2016, denied Petitioner's appeal for failure to file a timely petition for refund. Stip., ¶¶ 12-13. The Board of Finance and Revenue rejected Petitioner's argument that the Department issued its assessment pursuant to an audit, and that, therefore, Section 3003.1(b) of the Tax Reform Code[2] applied, pursuant to

---

[1] Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §10003.1(d). Section 3003.1 was added by Section 14 of the Act of July 1, 1985, P.L. 78.

[2] Section 3003.1(b) provides:

> The [D]epartment may grant a refund or credit to a taxpayer for all tax periods covered by a departmental audit. If a credit is not granted by the [D]epartment in the audit report, the taxpayer must file a petition for refund for taxes paid with respect to the audit period

2

which Petitioner had to file a petition for refund *within three years of actual payment of the tax*. 72 P.S. §10003.1(b). Stip., Ex. D at 1-2. The Board of Finance and Revenue determined Petitioner could not use Section 3003.1(b) to extend the six-month period in which to timely file a petition for refund. Consequently, the Board of Finance and Revenue concluded that the Board of Appeals properly dismissed Petitioner's petition for refund. *Id.*

Petitioner then filed a petition for review with this Court,[3] seeking review of the Board of Finance and Revenue's opinion and order.[4] Stip., ¶ 14. Petitioner again asserts that his appeal to the Board of Appeals was timely. Petitioner's Brief at 8. Petitioner contends that Section 3003.1(b) of the Tax Reform Code allows a taxpayer three years to file a petition for refund if the refund period at issue was subject to an audit by the Department. Petitioner's Brief at 8. Petitioner contends that the Department activities constitute an audit. *Id.* Petitioner also asserts various constitutional violations and, as a result, requests relief pursuant to 42 U.S.C. § 1983 and attorneys' fees pursuant to 42 U.S.C. § 1988. Petitioner's Brief at 8.

---

> within six months of the mailing date of the notice of assessment, determination or settlement or within three years of actual payment of the tax, whichever is later.

72 P.S. §10003.1(b).

[3] Although our review of the Board of Finance and Revenue's order is addressed to our appellate jurisdiction, we essentially function as a trial court and review the Board of Finance and Revenue's decision *de novo*. *Quest Diagnostics Venture, LLC v. Commonwealth*, 119 A.3d 406, 410 n.4 (Pa. Cmwlth. 2015), *aff'd* 148 A.3d 448 (Pa. 2016) (Mem.).

[4] On April 30, 2019, the Department filed an application for summary relief, which this Court denied, concluding that there was an outstanding issue of material fact as to whether an audit occurred. *Torres v. Commonwealth* (Pa. Cmwlth., No. 567 F.R. 2016, filed June 20, 2019) (single judge op.).

In response, the Department argues that Petitioner's petition for refund was untimely, as it had to be filed within six months of actual payment because the petition for refund concerns an amount paid as a result of an assessment, not an audit. Department's Brief at 9-10; *see id.* at 15-17. Additionally, the Department argues, assuming *arguendo*, the Department's activities constituted an audit and that, therefore, the assessment resulted from an audit, this does not change the result because Section 3003.1(b) of the Tax Reform Code on which Petitioner relies does not apply to the circumstances here. *See* Department's Brief at 11-14. Finally, the Department responds that Petitioner has waived the constitutional issues for failure to comply with several Pennsylvania Rules of Appellate Procedure and for failure to develop any argument on these issues, thereby precluding this Court's review. *Id.* at 18-19.

The general rule and time limitation for filing a petition for refund is found in Section 3003.1(a) of the Tax Reform Code, 72 P.S. § 10003.1(a). This Section states, in relevant part:

> (a) For a tax collected by the Department . . ., a taxpayer who has actually paid tax, interest or penalty to the Commonwealth or to an agent or licensee of the Commonwealth authorized to collect taxes may petition the Department . . . for refund or credit of the tax, interest or penalty. *Except as otherwise provided by statute*, a petition for refund must be made to the [D]epartment within three years of actual payment of the tax, interest or penalty.

72 P.S. §10003.1(a) (emphasis added). In the case of amounts paid as a result of an *assessment*, Section 3003.1(d) of the Tax Reform Code applies. That Section provides:

4

(d) In the case of amounts paid as a result of an assessment, determination, settlement or appraisement, a petition for refund must be filed with the [D]epartment within six months of the actual payment of the tax.

72 P.S. § 10003.1(d).

The Tax Reform Code's time limitations are to be strictly enforced. *Quest Diagnostics Venture, LLC v. Commonwealth*, 119 A.3d 406 (Pa. Cmwlth. 2015), *aff'd*, 148 A.3d 448 (Pa. 2016). "Compliance with the time limitation in the Tax Reform Code is 'an absolute condition to obtaining a refund.'" *Id.* at 410 (quoting *Phila. Gas Works ex rel. City of Phila. v. Commonwealth*, 741 A.2d 840, 846 (Pa. Cmwlth. 1999)). Additionally, the "[t]he burden is on the petitioner to present evidence sufficient to prove that a petition is timely filed." 61 Pa. Code § 7.14(b)(1).

The term "audit" is not defined in the Tax Reform Code. *See generally* Section 201 of the Tax Reform Code, 72 P.S. § 7201. The term "audit" is defined in Webster's Third New International Dictionary as "a formal or official examination and verification of books of account"; "a methodical examination and review of a situation or condition . . . concluding with a detailed report or findings"; and "the final report following a formal examination of books of account."[5] Webster's Third New International Dictionary 143 (2002); *see also In re Elk Cty. Auditors*, 903 A.2d 652 (Pa. Cmwlth. 2006) (adopting same dictionary definition of "audit" where term was not defined in another statute).

---

[5] It is a rule of statutory construction that where terms are not otherwise defined in a statute, "[w]ords and phrases shall be construed according to their common and approved usage . . . ." Section 1903 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903. We generally use dictionaries as source material for determining the common and approved usage of a term. *Gmerek v. State Ethics Comm'n*, 751 A.2d 1241, 1260 (Pa. Cmwlth. 2000), *aff'd*, 807 A.2d 812 (Pa. 2002).

Here, Exhibit B to the joint stipulation of facts consists of the affidavit of Tracy Hulstine (Hulstine), Acting Director of the Department's Bureau of Individual Taxes. The affidavit indicates that in her capacity as Director of the Bureau of Individual Taxes, she has access to systems and records related to Pennsylvania tax assessments. Stip., Ex. B, ¶ 3. The affidavit further attests that based on Hulstine's review of Departmental systems and records, the assessment against Petitioner for the tax year 2005 was "generated by the Department's Pass Through Business Office using information obtained from the Internal Revenue Service." *Id.*, ¶ 5. The affidavit also attests that the Department's Bureau of Audits was not involved in generating the assessment against Petitioner for the tax year 2005. *Id.*, ¶ 6. Furthermore, the affidavit indicates that "no Departmental audit was conducted to prepare the assessment against Petitioner for tax year 2005[,]" and concludes that "no audit report was prepared with respect to the assessment for tax year 2005." *Id.*, ¶¶ 7 & 8.

Based on Hulstine's affidavit, it is apparent that the Department determined Petitioner's tax liability by merely using information it obtained from the Internal Revenue Service. *See* Stip., Ex. B, ¶ 5. Thereafter, using that information, the Department issued a "Notice of Assessment" to Petitioner. Stip., Ex. A & Ex. B, ¶ 5. Although Petitioner has the burden of proof[6] and argues an audit took place, Petitioner has offered no evidence to demonstrate verification of, or a formal examination of, books of account. Additionally, Petitioner does not challenge or address Hulstine's affidavit. Instead, Petitioner offers only his counsel's statement that he "is a tax practitioner and has undergone many audits of this nature" and that the "Department of Revenue obtains records from the Internal

---

[6] *See* 61 Pa. Code § 7.14(b)(1).

Revenue Service and uses them to conduct an audits [sic] of the taxpayer's return." Petitioner's Brief at 8-9. These statements, however, are merely conclusory with no supporting analysis and no citation to the record or applicable legal authority. Further, Petitioner's counsel's statements are not evidence, and they are not sufficient to sustain Petitioner's burden. *See Good Tire Serv. v. Workers' Comp. Appeal Bd. (Wolfe)*, 978 A.2d 1043, 1048 n.3 (Pa. Cmwlth. 2009) (stating counsel's assertions and arguments do not constitute evidence). Therefore, we agree with the Board of Finance and Revenue's conclusion that the Department did not conduct an audit; "it merely compared its records to that of another taxing agency and issued an assessment notice." Stip., Ex. D at 2.

Because the Department did not conduct an audit, Petitioner cannot rely on Section 3003.1(b); rather, Section 3003.1(d) applies here. As such, Petitioner needed to file his petition for refund within six months of actual payment. There is no dispute that Petitioner made actual payment of the assessment on September 3, 2014, and that he did not file his petition for refund until October 29, 2015, over a year after actual payment. *See* Stip., ¶¶ 9-10. Accordingly, his petition for refund was untimely.

Finally, we agree with the Department that Petitioner has waived his constitutional claims. Petitioner has failed to present these claims in his "Statement of Questions Involved" portion of his brief. *See* Pa.R.A.P. 2116(a) (stating "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"). Additionally, Petitioner does not develop any argument with respect to his conclusory assertions and offers no citation to the record (the joint stipulation of facts and exhibits) or applicable legal authority. *See* Petitioner's Brief at 9-10. This Court has held, "[w]hen issues are not properly raised

7

and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." *Commonwealth v. Feineigle*, 690 A.2d 748, 751 n.5 (Pa. Cmwlth. 1997); *see* Pa.R.A.P. 2119(a) (stating, "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent"). "Mere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of [a] matter." *Commonwealth v. Spontarelli*, 791 A.2d 1254, 1259 n.11 (Pa. Cmwlth. 2002). Therefore, we decline to address these issues.

Accordingly, we affirm.

_____
CHRISTINE FIZZANO CANNON, Judge

8

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Epifanio Torres, : 
        Petitioner :
     :
    v. :
     :
Commonwealth of Pennsylvania, :   No. 567 F.R. 2016
        Respondent :

## O R D E R

AND NOW, this 28th day of February, 2020, the order of the Board of Finance and Revenue, dated June 8, 2016, is AFFIRMED. Unless exceptions are filed within thirty (30) days pursuant to Pa.R.A.P. 1571(i), this Order shall become final.

_____
CHRISTINE FIZZANO CANNON, Judge