IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Epifanio Torres,                          :
                    Petitioner            :
                                          :
        v.                                :
                                          :
Commonwealth of Pennsylvania,             :    No. 567 F.R. 2016
                    Respondent            :    Submitted: October 20, 2021


BEFORE:    HONORABLE P. KEVIN BROBSON, President Judge
           HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE J. ANDREW CROMPTON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON              FILED:  November 17, 2021


        Epifanio Torres (Torres) raises exceptions, in accordance with
Pennsylvania Rule of Appellate Procedure 1571(i)[1], to this Court's February 28,
2020, decision, which held that Torres's petition for a refund of his Pennsylvania
income tax for 2005 was untimely. *Torres v. Commonwealth*, 228 A.3d 304, 309

---

[1]     Any party may file exceptions to an initial determination by the
court under this rule within 30 days after the entry of the order to
which exception is taken.  Such timely exceptions shall have the
effect, for the purposes of Pa.R.A.P. 1701(b)(3) (authority of a trial
court or other government unit after appeal), of an order expressly
granting reconsideration of the determination previously entered by
the court.  Issues not raised on exceptions are waived and cannot be
raised on appeal.

Pa.R.A.P. 1571(i).

(Pa. Cmwlth. 2020) (*Torres I*). In *Torres I*, we concluded that the Department of Revenue (Department) conducted an assessment rather than an audit to determine Torres's tax liability; therefore, Torres was required to file his petition for a refund within six months after his tax payment rather than within a three-year period if he had been subject to an audit. *Id.* Upon review, we deny and dismiss Torres's exceptions.

## **Background**

The underlying facts were stipulated and are not in dispute.

In 2005, [Torres] failed to timely file a Pennsylvania personal income tax return. *The [Department] used information from the Internal Revenue Service to establish [Torres's] personal income tax liability for the 2005 tax year.* On January 9, 2008, the Department issued a "Notice of Assessment" to [Torres] relating to the 2005 tax year. [Torres] did not appeal the assessment and paid the assessment on September 3, 2014.

On October 29, 2015, [Torres] filed a petition with the Department's Board of Appeals, requesting a refund. By decision and order dated December 30, 2015, the Board of Appeals dismissed [Torres's] appeal for failing to file a timely refund request. Specifically, the Board of Appeals held, "Section 3003.1(d) of the Tax Reform Code of 1971[2] [Tax Reform Code], as amended, provides that for payments made as a result of an assessment, a petition for refund must be filed within six (6) months of the actual payment." The Board of Appeals determined that [Torres] was seeking a refund of payments made as a result of an assessment. Because [Torres] made payment on September 3, 2014[,] and because his petition for refund

---

[2] Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §§ 10003.1. Section 3003.1 was added by Section 14 of the Act of July 1, 1985, P.L. 78.

2

was not filed until more than a year later on October 29, 2015, it was beyond that statutory deadline of six months and, therefore, was untimely.

[Torres] then appealed to the Board of Finance and Revenue, which, by order dated June 8, 2016, denied [Torres's] appeal for failure to file a timely petition for refund. The Board of Finance and Revenue rejected [Torres's] argument that the Department issued its assessment pursuant to an audit, and that, therefore, Section 3003.1(b) of the Tax Reform Code applied, pursuant to which [Torres] had to file a petition for refund within three years of actual payment of the tax. 72 P.S. § 10003.1(b). The Board of Finance and Revenue determined [Torres] could not use Section 3003.1(b) to extend the six-month period in which to timely file a petition for refund. Consequently, the Board of Finance and Revenue concluded that the Board of Appeals properly dismissed [Torres's] petition for refund.

[Torres] then filed a petition for review with this Court[.]

*Torres I*, 228 A.3d at 306-07 (emphasis added).

In Torres's initial appeal to this Court, he argued that the Department's actions constituted an audit and also gave rise to various constitutional violations. *Torres I*, 228 A.3d at 307. A three-judge panel functioning as a trial court[3] considered the relevant statute, which is Section 3003.1 of the Tax Reform Code. 72 P.S. § 10003.1. Pursuant to Section 3003.1, when the Department conducts an assessment and receives tax funds from a taxpayer, the taxpayer has six months from payment to seek a refund; however, if the tax funds are paid as the result of an audit conducted by the Department, the taxpayer has three years from payment to seek a

---

[3] In appeals from decisions of the Board of Finance and Revenue, the Commonwealth Court's review is *de novo* because we function as a trial court, even though such cases are heard in our appellate jurisdiction. *Norris v. Commonwealth*, 625 A.2d 179, 182 (Pa. Cmwlth. 1993).

refund. 72 P.S. § 10003.1(b), (d). The timeliness of Torres's petition for a refund thus depended on whether the taxes he paid for 2005 were determined via assessment or via audit. *Torres I*, 228 A.3d at 307.

The term "audit" is not defined in the Tax Reform Code. As such, in Torres's initial appeal, this Court applied the definition of "audit" in Webster's Third New International Dictionary: "a formal or official examination and verification of books of account"; "a methodical examination and review of a situation or condition . . . concluding with a detailed report or findings"; or "the final report following a formal examination of books of account." *Torres I*, 228 A.3d at 308 (citing *In re Elk Cnty. Auditors*, 903 A.2d 652 (Pa. Cmwlth. 2006) (adopting dictionary definition of "audit" where term was not defined in The County Code, Act of Aug. 9, 1955, P.L. 1721, *as amended*, 16 P.S. § 101-3000.3903)). We also considered the of-record affidavit of Tracy Hulstine, Acting Director of the Department's Bureau of Individual Taxes, who stated that the Department's assessment of Torres's tax burden for 2005 was determined by its Pass Through Business Office and not its Bureau of Audits, which conducts the Department's formal audits. *Id*. at 308.

We ultimately concluded that Torres failed to establish that the Department's determination of his 2005 tax liability constituted an audit. *Torres I*, 228 A.3d at 308-09. We noted that the evidence did not reflect a formal examination of Torres's books and records, but rather entailed the Department "merely using information it obtained from the Internal Revenue Service" to derive Torres's tax burden for 2005. *Id*. at 308. Accordingly, we held that Torres was subject to the six-month assessment deadline and the Board of Finance and Review correctly found that his petition for a refund, filed over a year after he paid the taxes at issue, was untimely. *Id*. at 308-09. We also found Torres's constitutional claims were

4

waived, as they were neither presented in his brief's statement of questions involved nor developed in the brief. *Id.* at 309. We therefore affirmed. *Id.*

### Exceptions

Exceptions filed pursuant to Pa. R.A.P. 1571(i) have the same effect as an order granting reconsideration. *See Consol. Rail Corp. v. Commonwealth*, 679 A.2d 303, 304 (Pa. Cmwlth. 1996) (*en banc*), *aff'd*, 691 A.2d 456 (Pa. 1997). The party seeking reconsideration via exceptions bears the burden of proving either that its position or the circumstances have changed. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Comp. Bd. of Rev.*, 309 A.2d 165, 167 (Pa. Cmwlth. 1973). Reassertion of previously rejected arguments, without more, will result in denial and dismissal of the exceptions. *Consol. Rail Corp.*, 679 A.2d at 304 (denying exceptions presenting the same arguments already addressed and denied in the initial appeal); *see also Greenwood Gaming & Ent., Inc. v. Commonwealth*, 218 A.3d 982, 988 (Pa. Cmwlth. 2019) (same); *Kalodner v. Commonwealth*, 636 A.2d 1230, 1231 (Pa. Cmwlth. 1994) (same).

Torres argues in his exceptions, as he did previously, that the Department's use of his federal tax information from the Internal Revenue Service to calculate his Pennsylvania income tax liability for 2005 (because he had not filed a return) met the adopted definition of an "audit" because it was "a formal or official examination and verification of books of account" and "a methodical examination and review of a situation or condition." Torres's Brief on Exceptions at 8-9 (citing *Elk Cnty. Auditors*, 903 A.2d at 655). Therefore, Torres insists he had three years from when he paid the taxes in question to seek a refund. *Id.*

The Commonwealth responds that Torres's arguments on his exceptions are identical to those he raised previously, which were thoroughly

considered and rejected by this Court.  Thus, there is no basis for this Court to sustain his exceptions or vacate its previous decision.  Commonwealth's Brief on Exceptions at 9-16.

Torres's arguments on his exceptions are virtually identical to those he raised to this Court in *Torres I*.  They are the same conclusory and unsupported positions as in his initial appeal, all of which were thoroughly addressed in this Court's earlier published opinion.  *See* Torres's Original Brief at 8; *Torres I*, 228 A.3d at 307-09.  As we explained previously:

> [I]t is apparent that the Department determined [Torres's] tax liability by merely using information it obtained from the Internal Revenue Service.  Thereafter, using that information, the Department issued a "Notice of Assessment" to [Torres].  Although [Torres] has the burden of proof and argues an audit took place, [he] has offered no evidence to demonstrate verification of, or a formal examination of, books of account. Additionally, [Torres] does not challenge or address Hulstine's affidavit. Instead, [Torres] offers only his counsel's statement that he "is a tax practitioner and has undergone many audits of this nature" and that the "Department of Revenue obtains records from the Internal Revenue Service and uses them to conduct an audits [sic] of the taxpayer's return."  These statements, however, are merely conclusory with no supporting analysis and no citation to the record or applicable legal authority. Further, [Torres's] counsel's statements are not evidence, and they are not sufficient to sustain [Torres's] burden. Therefore, we agree with the Board of Finance and Revenue's conclusion that the Department did not conduct an audit; "it merely compared its records to that of another taxing agency and issued an assessment notice."

*Torres I*, 228 A.3d at 308-09 (internal citations and footnote omitted).  In light of Torres's failure to assert or establish a change in circumstances or any other basis

6

for reconsideration, we remain unconvinced that the Department's actions amounted to an audit such that Torres had the benefit of the longer timeframe to seek his refund.

Torres also reiterates in similarly conclusory fashion his constitutional claims[4] and his requests for relief pursuant to 42 U.S.C. §§ 1983 and 1988, which authorize awards of monetary damages and attorneys' fees for deprivations of civil rights by governmental authorities. Torres's Brief on Exceptions at 10. Torres has once again waived these arguments as they are neither presented in his statement of questions involved nor developed and discussed in any depth in his brief. *See Torres I*, 228 A.2d at 309 (citing Pa.R.A.P. 2116(a) and Pa.R.A.P. 2119(a).

Finally, although Torres asserts there is no ambiguity in Section 3003.1 of the Tax Reform Code because he firmly (if incorrectly) believes he was subject to an audit and therefore was eligible for the three-year deadline to seek his refund, he posits that if there is any ambiguity, it should be resolved in his favor. Torres's Brief on Exceptions at 10. We find this conclusory assertion likewise waived as it is neither presented in his "Statement of Questions Involved" nor developed in his brief. Pa.R.A.P. 2116(a); Pa.R.A.P. 2119(a)).

Having reviewed the facts as stipulated, our previous opinion, and the briefs of both sides, we fail to find that Torres has presented any change in position or circumstances that would warrant changing or vacating this Court's previous decision. Accordingly, we deny and dismiss Torres's exceptions. *See Consol. Rail*

---

[4] Torres cites the United States and Pennsylvania Constitutions for the premise that the Department's actions have deprived him of property without due process of law. Torres's Brief on Exceptions at 10 (citing U.S. Const. amend. XIV & Pa. Const. art. I, §§ 9, 10). Torres also cites Article II, Section 1 of the Pennsylvania Constitution for the premise that administrative actions must conform to the agency's authorizing legislation, and Article VIII, Section 1 for the premise that all tax legislation upon the same class of subjects must be uniform. *Id*. (citing Pa. Const. art. II, § 1 & art. VIII, § 1).

*Corp.*, 679 A.2d at 304 (dismissal of exceptions where moving party failed to establish basis for vacating previous decision).

## **Application to File *Amicus* Brief**

On July 6, 2020, Reed Smith LLP (Reed Smith) filed its "Application for Leave to File an *Amicus Curiae* Brief in Support of Commonwealth of Pennsylvania" and appended its proposed *amicus curiae* brief thereto. The Commonwealth filed an application to strike, asserting Reed Smith's brief was both untimely and improper. In light of our disposition of this appeal on the merits as set forth above, we do not reach this dispute and dismiss Reed Smith's Application as moot.

## **Conclusion**

Accordingly, Torres's exceptions to this court's order of February 28, 2020, are dismissed. Reed Smith's Application for Leave to File an *Amicus Curiae* Brief is dismissed as moot.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Epifanio Torres,                        :
                  Petitioner            :
                                        :
            v.                          :
                                        :
Commonwealth of Pennsylvania,           :     No. 567 F.R. 2016
                  Respondent            :

O R D E R

AND NOW, this 17th day of November, 2021, Petitioner's exceptions to the order of February 28, 2020, in the above-captioned matter are DISMISSED. The application of Reed Smith LLP to file an *amicus curiae* brief in the above captioned matter is DISMISSED as moot.

Judgment is hereby entered in favor of Respondent.

_____
CHRISTINE FIZZANO CANNON, Judge