# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James and Karen Pearlstein, : 
:
Petitioners : **CASES CONSOLIDATED**
:
v. : No. 741 F.R. 2017
:
Commonwealth of Pennsylvania, :
:
Respondent :


Reed and Gail Slogoff, :
:
Petitioners :
:
v. : No. 742 F.R. 2017
:
Commonwealth of Pennsylvania, :
:
Respondent :


Robert Pearlstein and :
Cynthia Pearlstein, :
:
:
Petitioners :
:
v. : No. 743 F.R. 2017
: Submitted: December 14, 2022
Commonwealth of Pennsylvania, :
:
Respondent :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE CHRISTINE FIZZANO CANNON, Judge
HONORABLE ELLEN CEISLER, Judge
HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                              FILED:  February 10, 2023


James and Karen Pearlstein, Reed and Gail Slogoff, and Robert and Cynthia Pearlstein (together, Taxpayers), have filed exceptions[1] to this Court's opinion and order filed on December 2, 2021, in *Pearlstein v. Commonwealth*, 267 A.3d 593 (Pa. Cmwlth. 2021) (*Pearlstein I*).[2]  In that order, we affirmed the Board of Finance and Revenue's (Board) decision that assessed personal income tax (PIT) against Taxpayers for net gains owed on like-kind exchanges of real property in tax years 2013 and 2014, the years in which the properties were exchanged.  "In tax appeals from the Board, this Court functions as a trial court, and exceptions filed pursuant to Pa. R.A.P. 1571(i) have the effect of an order granting reconsideration." *Consolidated Rail Corporation v. Commonwealth*, 679 A.2d 303, 304 (Pa. Cmwlth. 1996), *aff'd*, 691 A.2d 456 (Pa. 1997) (citation omitted).

---

[1] Rule 1571(i) of the Pennsylvania Rules of Appellate Procedure states in relevant part:

> Any party may file exceptions to an initial determination by the court under this rule within 30 days after the entry of the order to which exception is taken.  Such timely exceptions shall have the effect . . . of an order expressly granting reconsideration of the determination previously entered by the court.

Pa. R.A.P. 1571(i).

[2] In *Pearlstein I*, this Court affirmed the Board of Finance and Revenue's (Board) decision that assessed personal income tax (PIT) against James and Karen Pearlstein for net gains owed on like-kind exchanges of real property in tax years 2013 and 2014, the years in which the properties were exchanged.  In unpublished opinions filed on the same date, we also affirmed assessment of PIT against Reed and Gail Slogoff, and Robert and Cynthia Pearlstein, using the same analysis. Taxpayers' exceptions to all three cases were consolidated for disposition.

Taxpayers present the following four issues on exceptions: (1) whether the Court erred in applying Section 303(a.1) of the Tax Reform Code of 1971 (TRC),[3] 72 P.S. §7303(a.1), to disallow a rule within the Federal Income Tax (FIT) method of accounting, when Taxpayers were authorized to use the FIT method of accounting; (2) whether the Court erred by failing to construe Section 303(a.1) of the TRC strictly in favor of Taxpayers; (3) whether the Court erred by penalizing Taxpayers for following the Department of Revenue's (Department) guidance on like-kind exchanges; and (4) whether the Court misinterpreted the TRC's two-step scheme when it found that Taxpayers' FIT method of accounting did not clearly reflect income.[4] Upon review, we discern no errors in our decision in *Pearlstein I*, and we overrule Taxpayers' exceptions.

Taxpayers present the same arguments in their exceptions as in their petition for review on the first, third, and fourth issues presented. *See Pearlstein I*, 267 A.3d at 597-603. To the extent that Taxpayers present the same arguments in their exceptions as in their initial petition for review of the Board's assessment of PIT against Taxpayers for net gains owed on like-kind exchanges of real property in the tax years in which the properties were exchanged, all of which are thoroughly addressed in *Pearlstein I*, we do not find any basis upon which to disturb our disposition of these issues. As a result, these exceptions are overruled. *Consolidated Rail Corporation*, 679 A.2d at 304; *Kalodner v. Commonwealth*, 636 A.2d 1230, 1231 (Pa. Cmwlth. 1994), *aff'd*, 675 A.2d 710 (Pa. 1995).

---

[3] Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §§7101-10004. Section 303(a.1) of the TRC was added by the Act of August 31, 1971, P.L. 362.

[4] The Pennsylvania Institute of Certified Public Accountants (PICPA) filed an *amicus curiae* brief in support of Taxpayers. PICPA's position is that the Court's decision in *Pearlstein I* would undermine the ability of certified public accountants across Pennsylvania to provide certainty to clients when the FIT method of accounting has been called into question.

As to the second issue, Taxpayers argue that the Court erred by failing to strictly construe Section 303(a.1) of the TRC in Taxpayers' favor, when this Section imposes a tax.[5] Taxpayers cite *Greenwood Gaming and Entertainment, Inc. v. Department of Revenue*, 90 A.3d 699 (Pa. 2014), and *Greenwood Gaming and Entertainment, Inc. v. Commonwealth*, 263 A.3d 611 (Pa. 2021), to support strict construction in Taxpayers' favor. The Department responds that because Section 303(a.1) is not ambiguous, Taxpayers are not entitled to strict construction in their favor. The Department further responds that even if it was ambiguous, Section 303(a.1) does not impose a tax, but as applied to Taxpayers, exempts them from tax, and thus should be construed against Taxpayers.

We overrule Taxpayers' exceptions on the second issue. Taxpayers correctly note that Section 1928(b)(3) and (5) of the Statutory Construction Act of 1972, 1 Pa. C.S. §1928(b)(3) and (5), requires that statutes imposing taxes and statutes exempting persons or property from taxes should be "strictly construed." Provisions imposing taxes must be strictly construed in favor of taxpayers. *Greenwood Gaming and Entertainment, Inc.*, 90 A.3d at 707. Provisions exempting persons or property from taxation must be strictly construed against taxpayers. *Id.* In either instance, however, these principles apply only when the statutory language is ambiguous. *Id.* Here, we found no ambiguity in Section 303(a.1) of the TRC. Instead, we interpreted its plain language to permit the Department to assess PIT on

---

[5] Section 303(a.1) of the TRC, 72 P.S. § 7303(a.1), provides as follows:

> Income shall be computed under the method of accounting on the basis of which taxpayer regularly computes income in keeping the taxpayer's books. If the [D]epartment determines that no method has been regularly used or the method does not clearly reflect income, the computation of income shall be made under a method which, in the opinion of the [D]epartment, clearly reflects income.

4

net gains from Taxpayers' like-kind exchanges when the exchanges were made, because the FIT method of accounting does not clearly reflect income as defined under the TRC. *Pearlstein I*, 267 A.3d at 604.

Accordingly, and for the foregoing reasons, we overrule Taxpayers' exceptions and affirm the Board's order.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James and Karen Pearlstein,   :
  :
      Petitioners   : **CASES CONSOLIDATED**
  :
      v.   : No. 741 F.R. 2017
  :
Commonwealth of Pennsylvania,   :
  :
      Respondent   :


Reed and Gail Slogoff,   :
  :
      Petitioners   :
  :
      v.   : No. 742 F.R. 2017
  :
Commonwealth of Pennsylvania,   :
  :
      Respondent   :


Robert Pearlstein and
Cynthia Pearlstein,   :
  :
  :
      Petitioners   :
  :
      v.   : No. 743 F.R. 2017
  :
Commonwealth of Pennsylvania,   :
  :
      Respondent   :

# **O R D E R**

AND NOW, this 10<u>th</u> day of <u>February</u>, 2023, the exceptions filed by James and Karen Pearlstein, Reed and Gail Slogoff, and Robert and Cynthia

Pearlstein to this Court's Opinion and Order in *Pearlstein v. Commonwealth*, 267 A.3d 593 (Pa. Cmwlth. 2021), are OVERRULED.  The order of the Board of Finance and Revenue dated August 23, 2017, is AFFIRMED.  Judgment entered in favor of the Department of Revenue.

_____
MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| James and Karen Pearlstein,<br>Petitioners | : | **CASES CONSOLIDATED** |
| | : | |
| v. | : | No. 741 F.R. 2017 |
| | : | Submitted: December 14, 2022 |
| Commonwealth of Pennsylvania,<br>Respondent | : | |
| | : | |
| Reed and Gail Slogoff,<br>Petitioners | : | |
| | : | |
| v. | : | No. 742 F.R. 2017 |
| | : | |
| Commonwealth of Pennsylvania,<br>Respondent | : | |
| | : | |
| Robert Pearlstein and Cynthia Pearlstein,<br>Petitioners | : | |
| | : | |
| v. | : | No. 743 F.R. 2017 |
| | : | |
| Commonwealth of Pennsylvania,<br>Respondent | : | |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE CHRISTINE FIZZANO CANNON, Judge
HONORABLE ELLEN CEISLER, Judge
HONORABLE LORI A. DUMAS, Judge

## _OPINION NOT REPORTED_

DISSENTING OPINION
BY JUDGE McCULLOUGH                    FILED: February 10, 2023

Respectfully, I disagree with the Majority's decision to overrule the

exceptions filed by James and Karen Pearlstein, Reed and Gail Slogoff, and Robert

and Cynthia Pearlstein (together, Taxpayers). I would sustain the exceptions for the following reasons set forth in former Judge Crompton's dissenting opinion in *James and Karen Pearlstein v. Commonwealth*, 267 A.3d 593, 609 (Pa. Cmwlth. 2021):

> Taxpayers adopted and consistently used a method of accounting for book purposes that is based on accepted accounting principles and practices, namely, [Federal Income Tax] [(FIT)]. They reported their [Personal Income Tax] [(PIT)] income in conformity with the FIT method, and thus complied with PIT regulations that required that they report income in a manner consistent with their selected and generally accepted accounting method.
>
> The FIT method is utilized widely and was utilized consistently by Taxpayers here. In the [Personal Income Tax Bulletin No. 2006-7, "Pennsylvania Tax Treatment of IRC § 1031 Like-Kind Exchanges"] [(Bulletin)], the [Department of Revenue] [(Department)] expressly acknowledged acceptance of like-kind exchanges utilizing a consistently used and generally accepted accounting method. Therefore, Taxpayers are entitled to the benefit of the Department's opinion at the time. Stated differently, the Revised Bulletin should not have been applied retroactively to Taxpayers in these circumstances, where they consistently used the FIT and complied with then-applicable law and stated policy.
>
> Section 101.2 of the PIT regulations [61 Pa. Code §101.2] should have been construed and applied to the 2013-14 tax years in accordance with the Department's then-current interpretation. The Department's after-the-fact application of the Revised Bulletin to Taxpayers' PIT returns has the effect of altering the legal landscape after Taxpayers complied with applicable and then available guidance then filing their PIT returns. In allowing the Department to disregard the Bulletin, and instead apply the Revised Bulletin to the tax years in question, the Majority errs.[ ]

PAM - 2

*Id.* (footnote omitted).

Accordingly, I respectfully dissent and, unlike the Majority, would sustain Taxpayers' exceptions.

_____
PATRICIA A. McCULLOUGH, Judge